## BEAN v. FLINT.

(Supreme Court, Appellate Division, First Department.　June 3, 1910.)

1. CORPORATIONS (§ 114*)—STOCK—TRANSFER—PAYMENT OF TAX.

Under Laws 1905, c. 241, § 315, as amended by Laws 1906, c. 414, § 1, imposing a tax on sales of corporate stock, payment of which is to be denoted by affixing stamps on the transfer certificate when the change of ownership is thus indicated, and providing by section 323 that no transfer of stock on which the tax is not paid at the time of such transfer shall be the basis of any action, the omission cannot be cured by a subsequent payment of the tax and affixing of the stamps.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 114.*]

2. CORPORATIONS (§ 121*)—STOCK—SALE—RIGHT OF RECOVERY—NONPAYMENT OF TAX—PLEADING.

Under Laws 1905, c. 241, § 315, as amended by Laws 1906, c. 414, § 1, imposing a tax on sales of corporate stock, and by section 323, providing that no transfer of stock on which the tax is not paid at the time of such transfer shall be the basis of any action, nonpayment of the tax is not a condition precedent to a transfer, but a matter of defense to action thereon, required to be pleaded; so that defendant having admitted the making of the contract, and not having pleaded the nonpayment of the tax, recovery of the purchase price may be had, the omission to pay the tax having been inadvertent, and the contract not being illegal or immoral.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 121.*]

Appeal from Judgment on Report of Referee.

Action by Orostes U. Bean against Albert H. Flint. From a judgment 'for plaintiff entered on the report of a referee, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Myron N. Tompkins, for appellant.
Morgan J. O'Brien, for respondent.

MILLER, J. ·This action was brought to recover an unpaid balance of the purchase price of 43 shares of the capital stock of a corporation, sold and delivered by the plaintiff to the defendant. The sole question presented on this appeal is whether the plaintiff's failure to pay the tax imposed by chapter 241 of the Laws of 1905, as amended by chapter 414 of the Laws of 1906, at the time of the transfer, defeats his right to recover in this action. No such defense was pleaded, and the answer admits, by not denying, the contract of sale. The stock certificate, delivered to the defendant, and said contract, were received in evidence without objection. Subsequently, upon its appearing on the cross-examination of the plaintiff that the stock transfer tax was not paid at the time of the transfer, a motion was made to strike out all of the evidence, and it is claimed that the exception to the denial of that motion and to the denial of the motion for a nonsuit presents the question on this appeal. The plaintiff's failure to pay the tax and affix the stamps as required by the statute was inadvertent, and not due to an intention to evade the law. The learned referee permitted the stamps to be affixed at the hearing before him.

The statute (section 315) imposes a tax "on all sales, or agreements to sell, or memoranda of sales or deliveries or transfers of shares, or certificates of stock in any domestic or foreign association, company or corporation," the payment of which is to be denoted by affixing an adhesive stamp or stamps as follows: (a) Upon the transfer books in case the transfer is shown only by them; (b) upon the transfer certificate where the change of ownership is thus indicated; (c) in other cases, upon the bill or memorandum of sale which the seller is required to deliver to the buyer. By section 323 of the act it is provided:

"No transfer of stock made after June 1st, nineteen hundred and five, on which a tax is imposed by this article, and which tax is not paid, at the time of such transfer shall be made the basis of any action or legal proceedings, nor shall proof thereof be offered or received in evidence in any court in this state."

It will be observed that the statute radically differs from those under which it has been held permissible to validate the transfer by subsequently affixing stamps. This statute not only omits to provide for doing that, but distinctly provides that the transfer shall not be made the basis of any action or legal proceedings unless the tax is paid "at the time of such transfer." The payment of the tax might easily be evaded if a transfer could be rendered valid by subsequently affixing stamps, and so, by language which does not admit of construction, the Legislature has provided as stated. We think, therefore, that the failure to pay the tax and affix stamps at the time of the transfer is fatal to the plaintiff's right of recovery, provided the question is before us.

The statute specifies different methods of denoting the payment of the tax. Unless such payment be a condition precedent, which the plaintiff must allege and prove, he should be warned by an appropriate answer, so that he may be prepared with his proof. In this case, the defendant admitted the making of the contract, and therefore I think necessarily admitted that the contract was valid and enforceable, except for the affirmative defenses set up, which are not before us. The statute is purely a revenue measure. It does not prohibit the transfer, or the making of contracts to transfer, shares of stock. The right to do that existed before, and was not taken away by, the statute. Solely for the purpose of raising revenue, a tax was imposed, and, to insure the payment of it, it was provided that in default of such payment the transfer could not be the basis of any action or legal proceeding. It was held that the statute declaring certain contracts void unless in writing did not prohibit the making of oral contracts, but merely enacted a rule of evidence, prescribing a method of proof, and that, therefore, the objection was waived unless pleaded. Crane v. Powell, 139 N. Y. 379, 34 N. E. 911. In this case, the statute in terms enacted a rule of evidence. It does not make the payment of the tax a condition precedent to the right to make a transfer of shares of stock. Concurrently with a transfer, the tax is to be paid, or no proof thereof can be offered or received in any court in this state.

The case is in many respects like that of the failure of a foreign corporation to pay the license fee imposed by statute for the privilege of carrying on its business in this state. The statute imposing such license fee provides:

"No action shall be maintained or recovery had in any of the courts in this state by such foreign corporation without obtaining a receipt for the license fee hereby imposed within 13 months after beginning such business within the state."   Laws 1896, c. 908, § 181; Laws 1901, c. 558, § 1.

But it was held that noncompliance with the statute was a matter of defense to be availed of by answer, distinguishing the case from cases of failure to obtain the certificate of the Secretary of State, authorizing the corporation to do business, which is a condition precedent to the right to do business.   Wood & Selick v. Ball, 190 N. Y. 217, 83 N. E. 21.   In an action brought to recover the value of goods sold to be imported into the United States, it was held that the claim that the goods were fraudulently undervalued in violation of the revenue laws of the United States could not avail the defendant unless it was pleaded or the fact appeared upon the plaintiff's own showing.   Oscanyan v. W. R. Arms Co., 103 U. S. 261, 26 L. Ed. 539.

No doubt, the courts will refuse to aid in the enforcement of illegal and immoral contracts, irrespective of the pleadings in the action.   The contract in suit was neither illegal nor immoral.   If it appeared that the plaintiff had purposely evaded the payment of the tax, a different question would be presented.   The defendant has the plaintiff's stock without having paid for it.   The plaintiff inadvertently omitted to pay the stamp transfer tax at the time of the transfer.   In such case the court is not bound of its own motion to refuse its aid to the enforcement of the contract of sale.

The judgment should be affirmed, with costs.   All concur.