SHERIDAN v. TUCKER.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1911.)

1. TAXATION (§ 903*)—TAX ON STOCK TRANSFERS—EFFECT OF FAILURE TO PAY.
Laws 1905, c. 241, § 323, provides that no transfer of stock on which a legal tax is imposed, and which tax is not paid "at the time of such transfer," shall be the basis of any action, and shall not be received in evidence. Plaintiff transferred to defendant shares of stock in a domestic corporation without at that time paying the transfer tax, and alleged ignorance and a want of intent to evade the law, and also, after the commencement of his action, offered to affix the requisite number of stamps. *Held,* that plaintiff could not enforce a claim for the unpaid balance of the purchase price.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 903.*]

2. COURTS (§ 90*)—JUDICIAL PRECEDENT—CO-ORDINATE COURTS.
One department of the Appellate Division of the Supreme Court should, even in a doubtful case, accept as controlling the previous unanimous decision of another department, which is not otherwise authoritatively questioned.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 313–321; Dec. Dig. § 90.*]

3. CONSTITUTIONAL LAW (§ 307*)—"DUE PROCESS OF LAW"—WITHDRAWAL OR CHANGE OF REMEDY.
Laws 1905, c. 241, § 323, providing that a transfer of stock on which a tax is imposed by law, and which tax is not paid "at the time of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

such transfer," shall not be the basis of any action or legal proceedings, and that proof thereof shall not be offered or received in evidence in any court in the state, is not unconstitutional as a taking of property without due process of law, since the effect of the statute is not to impose a forfeiture for its violation, but to deny the right of legal enforcement in the courts of the state.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 925; Dec. Dig. § 307.*

For other definitions, see Words and Phrases, vol. 3, pp. 2227–2256; vol. 8, p. 7644.]

Action by Martin Sheridan against Benjamin M. Tucker. Motion for a new trial upon a case and exceptions ordered to be heard in the first instance in the Appellate Division after a verdict for defendant by direction of the court at the close of plaintiff's case. Exceptions overruled, and motion for new trial denied.

See, also, 138 App. Div. 436, 122 N. Y. Supp. 800.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

James G. Greene (Cogswell Bentley, of counsel), for plaintiff.
Merton E. Lewis, for defendant.
Henry Selden Bacon, Deputy Atty. Gen., for the Attorney General, intervening.

ROBSON, J. Plaintiff seeks to recover of defendant in this action an unpaid balance of the purchase price of 27 shares of the capital stock of a domestic stock corporation sold and transferred by him to defendant on or about March 20, 1907.

[1] The ground upon which the court at Trial Term directed the dismissal of plaintiff's complaint was that plaintiff did not at the time of the transfer pay the tax imposed by chapter 241 of the Laws of 1905 as amended by chapter 414 of the Laws of 1906. This defense was duly pleaded by defendant; and plaintiff admits that the tax was not paid. He does claim, and offered to show on the trial, that the omission to pay the tax was on his part inadvertent, and due to ignorance that such tax was required to be paid, and was without any intention of evading the provisions of the law. This evidence was excluded, and plaintiff duly excepted. It seems also to have been conceded that, after the commencement of the action, plaintiff went to the secretary of the corporation with the requisite amount of stamps to pay the tax and offered to affix them. At the close of plaintiff's case, the court directed a verdict for defendant, and plaintiff duly excepted.

Plaintiff urges that his transfer of stock to defendant was not immoral, nor illegal, except only so far as it was by the statute made so by reason of his failure to pay the tax, and that no intention of the Legislature to penalize by a forfeiture of one's property an unwitting violation of the statute should be imputed without convincing evidence of such intention. The First Department has considered the effect of this statute and its application to an action to enforce a claim based upon a transfer of stock upon which the required tax had not been paid. Bean v. Flint, 138 App. Div. 846, 123 N. Y. Supp. 385. In this

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

çase Miller, J., after reciting the provisions of the statute in question, continues:

"It will be observed that the statute radically differs from those under which it has been held permissible to validate the transfer by subsequently affixing stamps. This statute not only omits to provide for doing that, but distinctly provides that the transfer shall not be made the basis of any action, or legal proceedings, unless the tax is paid 'at the time of such transfer.' The payment of the tax might easily be evaded, if a transfer could be rendered valid by subsequently affixing stamps, and so by language, which does not admit of construction, the Legislature has provided as stated. We think, therefore, that the failure to pay the tax and affix stamps at the time of the transfer is fatal to plaintiff's right of recovery, provided the question is before us."

It is true that in this case it was held that defendant was not entitled to the benefit of this defense; but this resulted solely because of his failure to plead it. It is apparent that the effect of such a defense, if properly pleaded, was not only carefully considered by the court, but was directly passed upon, and determined.

[2] That uniformity of decision in this court may be fostered, if for no other reason, this branch of the court should, even in a doubtful case, accept as controlling the previous unanimous decision in another department, which is not otherwise authoritatively questioned.

[3] Plaintiff's further claim that this provision of the statute is unconstitutional, if it precludes him from recovering upon his contract when he pays the tax, which he has failed to pay only through inadvertence, it being, as is claimed, in effect a forfeiture of his property and a taking thereof without due process of law, does not seem to be tenable. The effect of the statute is not to impose upon the offender, who violates its provisions, either intentionally, or through ignorance, forfeiture of property; but is rather to deny to him the right to enforce by the power of the courts of the state a contract, which he, by his own omission or neglect, has made unenforceable. Like a contract made in this state by a foreign stock corporation, which is doing business in this state without having filed the required statutory certificate, the contract itself may not be invalid; but enforcement of it in the courts of this state cannot be had.

Plaintiff's exceptions overruled and judgment ordered for defendant on the directed verdict, with costs. All concur.