prove that the execution of the paper propounded conformed with all the requirements of the statute of wills. The testatrix subscribed the will by her mark at the foot of the will. Such subscription was the testatrix's own; but even if her name, written around the mark, is to be taken as a subscription, the person who wrote it complied with the law. Decedent Estate Law (Consol. Laws 1909, c. 13) § 22. The contestants have failed to establish any ground which invalidated the execution, and I must pronounce for the will. Let the findings and decree to that effect, admitting the paper propounded to probate as the last will of real property of Bridget McCabe, deceased, be presented to me for my signature. The question of costs will be reserved for settlement of such decree.

Decreed accordingly.

___

(75 Misc. Rep. 55.)

### In re RALEIGH'S ESTATE.

(Surrogate's Court, Rensselaer County. December, 1911.)

GIFTS (§ 29*)—GIFT OF CORPORATE STOCK—VALIDITY.

    A donee of corporate stock can prove a gift only where the donor affixed the proper stamps to the certificate, under Tax Law (Consol. Laws 1909, c. 60) §§ 270, 278, at the time of the gift and the delivery thereof.

    [Ed. Note.—For other cases, see Gifts, Cent. Dig. § 50; Dec. Dig. § 29.*]

In the matter of the estate of Richard D. Raleigh. Proceedings to discover assets. Decree for administrator.

Edmund J. Sweeney, for petitioner.
Thomas F. Powers, for respondent.

HEATON, S. This is a discovery proceeding, brought under sections 2707–2710, Code of Civil Procedure, and the parties have consented that the surrogate may decide the issue as to the ownership of the property in dispute.

Richard D. Raleigh, a day or two previous to his death, when stricken with a fatal illness, made a gift to his sister of certain bank books and shares of corporate stock. He died, leaving a widow, with whom he had never lived; and she, as his duly appointed administratrix, brought this proceeding to recover said property as assets of his estate. Evidence was given showing a valid gift of the bank books and the shares of stock, and a decree was about to be made adjudging the sister, and not the administratrix, to be the owner of the property, when the attorney for the sister asked leave to put in evidence, for the purpose of identification and description, the bank books and the certificates of stock. The books were duly received; but, when the certificates were produced, the surrogate suggested that, as they did not bear the stamps provided by the Tax Law (Consol. Laws 1909, c. 60), there was a question as to whether they ought to be received in evidence. Thereupon the attorney for the administratrix objected

___

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to their reception in evidence, and moved to strike out all evidence of the gift of the shares of stock, on the ground that it now appeared that the certificates of stock, when delivered by the donor to the donee, were not stamped as required by section 270 of the Tax Law, and that the surrogate could not receive proof of such transfer and gift on account of the failure of the donor to affix the stamps at the time of such transfer. Tax Law, § 278. The donee claimed the right to, and offered to, affix the proper stamps, which the donee was allowed to do, in furtherance of a plan of settlement and adjustment entered into between the parties.

Thus was raised the question whether the donee of corporate stock, claiming title by gift causa mortis or inter vivos, can prove such gift in a case where the donor did not affix the proper stamps to the certificates at the time of the gift and delivery thereof. That part of the Tax Law which provides for a tax on transfers of corporate stock (section 270) imposes a tax of 2 cents on each share of $100 par value, or less, when it is transferred in any manner, including delivery of the certificate by sale or gift. Section 278 provides as follows:

"No transfer of stock * * * on which a tax is imposed by this article, and which tax is not paid at the time of the such transfer, shall be made the basis of any action or legal proceedings, nor shall proof thereof be offered or received in evidence in any court in this state."

This section of the Tax Law has been before the courts in three reported cases. In Sheridan v. Tucker, 138 App. Div. 436, 122 N. Y. Supp. 800, a motion to strike out of the answer allegations concerning the failure to pay the tax was denied in an action to recover balance due on sale of stock. In Bean v. Flint, 138 App. Div. 846, 123 N. Y. Supp. 385, it was held that such a defense must be pleaded to be available; but it was plainly stated in the opinion that an allegation that the tax was not paid at the time of delivery would have been a good defense. In the recent case of Mutual Life Insurance Co. v. Nicholas, 144 App. Div. 95, 128 N. Y. Supp. 902, the case of Bean v. Flint was referred to and the doctrine reiterated. Later the case of Sheridan v. Tucker, above referred to, came on for trial, and the court directed a verdict for the defendant. The opinion on appeal, reported in 145 App. Div. 145, 129 N. Y. Supp. 18, holds squarely, but apparently reluctantly, that, under the authority of the case of Bean v. Flint, the plaintiff was not entitled to prove the sale and delivery of the certificates of stock, because the stamp tax was not paid at the time of such sale and delivery.

It seems, therefore, that it must be held that no evidence of a gift or sale of stock, where the delivery of the certificate was made without the affixing of the required stamps *at the time* of the delivery, can be received. This results in making such a sale or gift impossible, whenever the defense that no tax stamp was affixed at the time of delivery of the certificate of stock is properly pleaded. We have, then, a law passed solely for the purpose of raising revenue for the state so constructed that the simplest and best understood laws of gift and sale by delivery are so restricted that such common every-day transactions of the people are made unenforceable, unless the

vendor is the fortunate possessor of sufficient tax stamps to affix to the certificates then and there. Whether he can recover his property thus apparently forfeited has not yet been decided.

Decreed accordingly.