SAMUEL W. LUITWIELER, Appellant, *v.* LUITWIELER PUMP-
ING ENGINE COMPANY and Others, Respondents.

Fourth Department, December 5, 1919.

Corporations — transfer tax — action to compel corporation to
transfer stock on books — failure to put transfer tax stamp on
surrendered certificate — transfer executed outside State but
delivered within State — pleading — proof — payment of stamp
tax essential part of plaintiff's case — evidence — unstamped
transfer of stock inadmissible — Tax Law, sections 270 and 278,
applied.

Section 270 of the Tax Law, imposing a tax to be paid by affixing stamps
upon all sales and transfers of shares or certificates of stock, applies to a
transfer executed without but delivered through the post office to the
transferee within the State of New York.

A corporation whose stock is thus assigned will not be compelled by the
courts to transfer the stock on the books of the corporation, in the absence
of the proper stamps on the certificate presented.

In an action against a corporation to compel it to enter a transfer of stock on
its books, it is an essential part of the plaintiff's cause of action to allege
and prove the payment of the transfer tax, for such payment is a condition
precedent to the right of the plaintiff to maintain the action, as section
278 of the Tax Law specifically forbids the bringing of any action based
upon a transfer on which the tax has not been paid.

In such an action an assignment of a stock certificate on which the tax has
not been paid is not admissible in evidence, for section 278 of the Tax Law
provides that proof of an assignment shall not be offered or received in
evidence in any court of this State if the tax thereon has not been paid.

KRUSE, P. J., and HUBBS, J., dissent, the former with memorandum.

APPEAL by the plaintiff, Samuel W. Luitwieler, from a
judgment of the Supreme Court in favor of the defendants,
entered in the office of the clerk of the county of Monroe on
the 1st day of July, 1919, dismissing the complaint at the close
of plaintiff's case after a trial at the Monroe Special Term.

*James M. E. O'Grady,* for the appellant.

*Eugene J. Dwyer* [*Sutherland & Dwyer,* attorneys], for the
respondent Luitwieler Pumping Engine Company.

*Percival D. Oviatt* [*Wile, Oviatt & Gilman,* attorneys], for the respondents Henry L. Miller and others.

*Cyril J. Curran* [*Frank J. Hone,* attorney], for the respondent William R. Tuttle.

FOOTE, J.:

Plaintiff sues to compel defendant Luitwieler Pumping Engine Company and the other defendants, who are its officers and directors, to transfer upon the books of that company 610 shares of its capital stock. Plaintiff had, prior to bringing this action, presented at the engine company's office two certificates, one for 600 shares and one for 10 shares, each in the name of Adelaide B. Luitwieler, and by her assigned to plaintiff by written assignment indorsed on the back of each of said certificates and duly witnessed. These certificates and assignments plaintiff tendered and offered to surrender upon receiving new certificates for the same number of shares in his own name. The officers then acting for the engine company declined to make the transfer and issue the new certificates on the ground that the shares had already previously been transferred by said Adelaide B. Luitwieler to one Miller, as trustee, and that the shares stood on the books of the company in his name.

At the close of plaintiff's evidence his complaint was dismissed on motion of the defendants because the stamp tax required by section 270 of the Tax Law (Consol. Laws, chap. 60 [Laws of 1909, chap. 62], added by Laws of 1910, chap. 38, as amd. by Laws of 1913, chap. 779) had not been paid and because no stamps evidencing payment of such tax had been affixed to the certificates or the assignment indorsed upon the back of the certificates, either at the time the same were presented for transfer or at the time they were offered in evidence upon the trial.

Section 270 of the Tax Law imposes a tax to be paid by affixing stamps upon all sales and transfers of shares or certificates of stock. Where the transaction is effected by the delivery or transfer of a certificate, the stamp is required to be placed upon the surrendered certificate, and unless the

stamps are so affixed the company is, by section 272 (as amd. by Laws of 1912, chap. 292), made guilty of a misdemeanor if it transfers the shares upon its books. By section 278 it is provided: " No transfer of stock made after June first, nineteen hundred and five, on which a tax is imposed by this article, and which tax is not paid at the time of such transfer, shall be made the basis of any action or legal proceedings, nor shall proof thereof be offered or received in evidence in any court in this State."

The fact of the transfer from Adelaide B. Luitwieler to plaintiff alleged in the complaint was put in issue by the answer. When plaintiff to establish that fact produced at the trial and offered in evidence the certificates with the assignments to plaintiff indorsed thereon, counsel for defendants objected to their receipt in evidence on the ground that no tax had been paid upon the transfer and no stamps affixed to the certificates or assignments as required by section 270 of the Tax Law. The instruments were received in evidence, but the court held that the action could not be maintained because the statute had not been complied with by paying the tax and affixing the stamps.

On this appeal, appellant's counsel contends that the sections of the Tax Law above referred to did not stand in the way of plaintiff's recovery because the transfer did not take place in this State. Adelaide B. Luitwieler was a witness and testified that she resided in California and that she executed the assignment of the certificates in that State and mailed them to plaintiff at his residence in Rochester in this State. The duty of paying the tax and affixing the stamps was by the statute upon her, and the argument is that as all her acts to make the transaction were done outside the State, they were valid notwithstanding the statute.

We think this contention is unsound. The transfer of the certificates did not become completed until plaintiff received the transfer in Rochester. It may be that an assignment of a certificate executed and delivered outside the State would take effect, notwithstanding the failure to pay the tax, on the theory that the statute is not operative beyond State boundaries. Whether that be so or not, we think it must be held that the statute does apply to an assignment delivered in

this State, though executed without the State. To hold otherwise, would mean that the statute could be completely evaded by going across the State line to execute the instrument of assignment. The cases of *Phelps-Stokes Estates* v. *Nixon* (222 N. Y. 93); *Bean* v. *Flint* (204 id. 153), and *Waddle* v. *Cabana* (220 id. 18) are not to the contrary. If this were an action by plaintiff to enforce some contract with a third party to sell and transfer shares to him, the rulings in these cases would be applicable. But this case, as presented at the trial, was one to compel the defendant corporation to transfer shares upon its books in order to effectuate a written assignment of those shares on which no tax had been paid or stamps affixed. Had the defendant made the transfer upon its books under such circumstances, it would have been guilty of a misdemeanor. (Tax Law, § 272.)

But it is said that because defendants had not pleaded in their answers that no tax stamps were affixed to the assignment, they were not in a position to raise the question upon the trial. We are of opinion that it was an essential part of the plaintiff's cause of action to allege and prove the payment of this stamp tax. Such payment was a condition precedent to the right of plaintiff to maintain the action, for section 278 of the Tax Law forbids the bringing of any action based upon a transfer on which the tax has not been paid.

*Bean* v. *Flint* (*supra*) is not, we think, an authority to the contrary. That was not an action based upon a completed transfer, but was an action to enforce the contract for a transfer. But if we are wrong in this, we think the judgment below was right because it was the duty of the trial court to have excluded from evidence the assignment on which the tax had not been paid, because section 278, in addition to providing that such an assignment shall not be made the basis of any action or legal proceedings, also provides, " nor shall proof thereof be offered or received in evidence in any court in this State." The making of such an assignment was put in issue. It was necessary for the plaintiff to make a case to produce and prove and put in evidence the transfer of the certificates upon which plaintiff relied. Those produced were not receivable in evidence because the statute prohibited.

For the purpose of this appeal, we should hold that the

plaintiff had no proof properly before the court entitling him to recover, and that, therefore, the judgment dismissing his complaint should be affirmed, with costs.

All concur, except KRUSE, P. J., who dissents in a memorandum, and HUBBS, J., who dissents upon the authority of *Bean* v. *Flint* (138 App. Div. 846; affd., 204 N. Y. 153).

KRUSE, P. J. (dissenting):

If the assignment of stock became effective when delivered to the post office in the State of California, that transaction is not taxable under the provisions of the Stock Transfer Tax Law of this State, unless the surrender of the assigned certificate and reissuing of the stock and the transfer thereof upon the books of the company to make the rights of the assignee to the stock more effective, makes the transaction as a whole taxable, and if so, the tax may be paid concurrently with the completion of that transaction. The payment of the tax is not a condition precedent to the transfer. Even if the title to the stock did not pass until the assignment was received by the plaintiff through the post office at Rochester and the tax stamps should have been affixed at that time, I think the defendants are not in position to urge the failure to affix the stamps at that time as a ground for sustaining the nonsuit. Such a defense to be available must be pleaded. It was not set up in the answer, but other and quite different grounds of defense were stated.

Under such circumstances, I think the defendants were not entitled to make that defense at the trial. (*Bean* v. *Flint*, 138 App. Div. 846; affd., 204 N. Y. 153.) While the defendants' application on trial to amend the answer in that regard was granted, it was subsequently withdrawn by the defendants. Even the objection to the evidence of the assignment and transfer of the stock was waived, because the motion to strike it out was likewise withdrawn.

I, therefore, conclude that the motion for a nonsuit was improperly granted.

Judgment affirmed, with costs.