In the Matter of the Judicial Settlement of the Account of DAISY S. BORST One of the Executors of the Last Will and Testament of HENRY V. BORST, Deceased.

Surrogate's Court, Montgomery County, April 26, 1927.

**Executors and administrators — accounting — executrix claims bank stock under transfer from decedent — instrument reciting transfer to executrix admissible in evidence under Tax Law, § 278, though stamps were not affixed thereto — decedent was required to affix stamps — executrix may receive stock certificates and is entitled to dividends thereon.**

The executrix of the estate herein, whom contestants contend failed to charge herself with twenty-seven shares of bank stock to which she claims ownership by reason of the transfer from decedent, is entitled to have the instrument executed by decedent and delivered to her, reciting " in consideration of $1 * * * I hereby sell and assign * * * all my right, title and interest in and to the twenty-seven (27) shares of stock I own," received in evidence under section 278 of the Tax Law, as proof of her claim, though no stamps are affixed thereto; the statute required decedent to affix the stamps and not his donee.

The executrix could, any time after receiving the agreement, have had the stock certificates turned over to her.

*It seems*, that as all the " right, title and interest " of decedent in said stock was embodied in the instrument which the executrix holds as proof of title to the said stock, she is now entitled to whatever dividends have accrued since the execution of said instrument.

ACCOUNTING proceeding.

*Daisy S. Borst* [*Charles S. Nisbit* of counsel], executrix and attorney in person.

*Homer J. Borst*, executor and attorney in person.

*Harry V. Borst*, attorney in person and for Lauren N. Borst.

SPONABLE, S. The questions involved arise upon a judicial settlement of the accounts of Daisy S. Borst, one of the executors of the last will and testament of Henry V. Borst, deceased.

Daisy S. Borst, as such executrix, has filed an account of her proceedings and two of the sons and legatees, Harry V. Borst and Lauren N. Borst, named in the will of said deceased, have filed objections alleging that said account is erroneous in that such executrix has failed to include therein and to charge herself with twenty-seven shares of the capital stock of the First National Bank of Amsterdam, N. Y., and it is the contention of such executrix that she is the owner thereof individually, and that the same does not belong to the estate of said decedent, and that her said account should not be surcharged with the same or the dividends which

have accrued thereon, because of the execution and delivery to her of petitioner's Exhibit " one," which reads as follows:

" STATE OF NEW YORK
SUPREME COURT CHAMBERS
AMSTERDAM, N. Y.

" HENRY V. BORST,                                         *March* 24, 1924.
        " *Justice.*

" In consideration of one dollar ($1.00) and other good and valuable consideration, paid to me by Daisy Snook Borst, I hereby sell and assign to her all my right, title and interest in and to the twenty-seven (27) shares of stock I own in the First National Bank of Amsterdam, wherever the same may be held.

" HENRY V. BORST."

On the 24th day of March, 1924, the date of the above instrument, seven shares of said stock were held by the First Trust and Deposit Company of Syracuse, N. Y., as collateral security for the payment of a note made either by the Patrician Silk Company or said Lauren N. Borst, and indorsed by said decedent, and twenty shares of said stock were held by the First National Bank of St. Johnsville, N. Y., as collateral security for the payment of notes made by decedent.

The evidence clearly shows that the decedent on the 24th day of March, 1924, dictated and signed the said instrument, petitioner's Exhibit " one," and on the same day delivered it to Daisy S. Borst, his wife, the executrix and petitioner in this proceeding, and it will be noted that he recognized and called attention to the fact that the two certificates representing the twenty-seven shares of stock were not present at the time by including therein the words " wherever the same may be held."

Upon this instrument being offered in evidence, objection was duly taken upon the ground, among others, that no stamps having been affixed thereto the same was inadmissible in evidence under section 278 of the Tax Law (as amd. by Laws of 1922, chap. 354) which provides as follows: " No transfer of certificates taxable under this article made after June first, nineteen hundred and five, on which a tax is imposed by this article, and which tax is not paid at the time of such transfer shall be made the basis of any action or legal proceedings, nor shall proof thereof be offered or received in evidence in any court in this state."

In *Matter of Raleigh* (75 Misc. 55) it is held " That no evidence of a gift or sale of stock, where the delivery of the certificate was made without the affixing of the required stamps at the time of the delivery, can be received.  This results in making such a sale or

gift impossible, whenever the defense that no tax stamp was affixed at the time of delivery of the certificate of stock is properly pleaded."

*Matter of Raleigh* (*supra*) is distinguished, if not overruled, by *Hall* v. *Davis* (95 Misc. 315), where it was contended the same as here that under no circumstances may proof of sale of stock be offered in evidence where the tax has not been paid at the time of the transfer, and it is held that such a construction would clearly nullify other important provisions of the Tax Law, instances of which are recited in the opinion; and it is pointed out by a very clear and convincing argument that the true purpose of the section was to deny to an offender who violates its provisions the right to enforce through the courts a contract which he by his own inadvertence or wrong had made unenforcible.

Following the rule promulgated in the case of *Hall* v. *Davis*, as applied to the case before me, the decedent, Henry V. Borst, could not offer in evidence petitioner's Exhibit " one " and the same could not be received in any action or proceeding which he might institute, because it was his duty and not the duty of Daisy S. Borst to affix the stamps, and the rule has no application here as the duty of affixing the stamps was not the duty of Daisy S. Borst. The same rule is applied in the case of *Ambrosius* v. *Ambrosius* (167 App. Div. 244).

Therefore, I must conclude that petitioner's Exhibit " one " is properly in the case, and as the certificates of stock themselves were not present at the time of the dictating, signing and delivery of petitioner's Exhibit " one," and as they contained no indorsement, the same surely constitutes an agreement which the recipient, Daisy S. Borst, could at any time after receiving same, and can now, enforce to the end of having the certificates of stock transferred to her in accordance with the proper procedure as applied to such transactions, at which time the necessary stamps must be affixed. And, further, it would seem that as all of the " right, title and interest " of said Henry V. Borst in and to the said stock was embodied in said petitioner's Exhibit " one," the said Daisy S. Borst is entitled to whatever dividends accrued since the date thereof, and that the account so filed by the executrix herein should not be surcharged with the twenty-seven shares of the capital stock of the First National Bank of the city of Amsterdam, or with the dividends.

Decreed accordingly.