JOSEPH F. MURPHY, Plaintiff, *v.* MALIA MEYER, Defendant.

City Court of New York, Bronx County, June 5, 1935.

*Root, Clark, Buckner & Ballantine [Leslie H. Arps* of counsel], for the plaintiff.

*John H. Gamaldi,* for the defendant.

ADLERMAN, J. This action is brought to recover the sum of $1,370.18, owed to the plaintiff, an employee of Sigman & Cohen, Inc. Malia Meyer, the defendant, is alleged to be a stockholder of Sigman & Cohen, Inc., and this action is brought to enforce the liability of the defendant under sections 71 and 73 of the Stock Corporation Law. The evidence discloses that on or about June 10, 1931, Malia Meyer, the defendant, was about to enter a hospital for an operation, and before entering the hospital she transferred, on June 10, 1931, all the stock she held in her name to her son, Nathan P. Meyer, and that on said day said stock was transferred on the books of the corporation from Malia Meyer to Nathan Meyer and said stock still remains of record in the name of said Nathan P. Meyer. At the time of the transfer of the stock from

the defendant to Nathan P. Meyer there was attached to the stock certificate stock transfer stamps in the sum of six dollars; that on or about October, 1933, and before the commencement of this action, there was affixed and canceled the required balance of the stock transfer tax. The defendant was not a stockholder of Sigman & Cohen, Inc., within two years of the commencement of this action.

Section 73 of the Stock Corporation Law provides as follows: " No action shall be brought against a stockholder after he shall have ceased to be a stockholder, for any debt of the corporation, unless brought within two years from the time he shall have ceased to be a stockholder."

The defendant ceased to be a stockholder of Sigman & Cohen, Inc., on June 10, 1931, and this action was not commenced until January 18, 1934. It is in evidence that the transferee actually received and still holds the stock and it has been held that when a transfer of stock is made and the transferee actually holds the stock, such transferee is a stockholder within the purview of the law and that fact is conclusive. (*Matter of Ringler & Co.,* 204 N. Y. 30.)

Plaintiff contends that assuming that the defendant transferred her stock prior to the date plaintiff gave defendant notice of his intention to hold defendant pursuant to section 71 of the Stock Corporation Law, defendant may not avail herself of this transfer, because of the failure to pay the stock transfer tax. The Tax Law does not prevent the passing of title of stock upon the ground that it bears no stamps and the absence of the stamps is immaterial. (*Matter of Mills,* 172 App. Div. 530; affd., 219 N. Y. 642; *Hall* v. *Davis,* 95 Misc. 315; *Matter of Wylly,* 210 Fed. 954; *Bean* v. *Flint,* 204 N. Y. 153.) The plaintiff relies upon section 278 of the Tax Law, which provides as follows: " No transfer of certificates * * * on which a tax is imposed by this article, and which tax is not paid at the time of such transfer shall be made the basis of any action or legal proceedings, nor shall proof thereof be offered or received in evidence in any court in this state." The effect of the provisions of the Tax Law which bar such action is not to impose upon the vendor who fails to pay the tax forfeiture of property, but simply denies him the right to enforce the contract of sale in the courts of this State. (*Hall* v. *Davis,* 95 Misc. 315; *Sheridan* v. *Tucker,* 145 App. Div. 145.) This action is brought to enforce a statutory liability under sections 71 and 73 of the Stock Corporation Law, and does not come within the purview of section 278 of the Tax Law. The plaintiff contends that this action applies, inasmuch as the basis of the defense of the defendant is the transfer of the stock. This section can only be enforced where the transferee raises

the question and inasmuch as the plaintiff is not a transferee within the purview of section 278 of the Tax Law, said section does not apply. (*Cooper* v. *Gossett*, 263 N. Y. 491; *Bean* v. *Flint*, 204 id. 153; *Sheridan* v. *Tucker*, 145 App. Div. 145.)

Verdict directed for defendant. Ten days' stay and thirty days to make a case.