In the Matter of the Estate of EUDORA LEIGHTON CRUMP, Deceased.*

Surrogate's Court, New York County, July 1, 1940.

*Condon & Conroy* [*Homer I. Harris* of counsel], for the executor.

*Jerome M. Hirsch,* for the State Tax Commission.

DELEHANTY, S. The executor of deceased appeals from a *pro forma* order of this court dated June 3, 1940, which fixed the estate tax on the basis of the appraiser's report. The appeal is based

* Appeal dismissed, 261 App. Div. 1053.

upon the action of the appraiser in the striking out of the record before him of testimony respecting a transfer made by the decedent during her life of certain shares of stock. When it appeared that no stock transfer stamps had been affixed by deceased at the time of the transfer of the shares the attorney for the State Tax Commission moved to strike out all the evidence theretofore given as to the transfer upon the ground that section 278 of the Tax Law forbade proof of the transfer. The appraiser granted the motion, struck out the evidence and made his decision and report on the basis of a record lacking such evidence. The effect is to impose taxes upon the estate which the executor asserts to be excessive because of the inclusion in the estate of property not owned by deceased.

The true question at issue is whether or not at deceased's death she owned the shares. The State has the right to tax *only the property of the deceased*. The investigation authorized by the Tax Law is an investigation into what constituted property of deceased at the time of her death and so — to repeat — the question always is one of *title*. Authority is ample that transfer unaccompanied by documentary stock transfer stamps effectively vests title in the transferee. That the Tax Law provision (§ 278) affects the remedy and not the title is made clear in *Wylie* v. *Addoms* (268 N. Y. 160, 163). If this were a situation in which the transferee in his own right was seeking to obtain the court's judgment validating his title the lack of the stock transfer stamps would defeat him but that is not this situation. The lack of stock transfer stamps was held not to bar a transfer of title in a case quite similar to this. (*Matter of Borst*, 129 Misc. 424; affd., 222 App. Div. 707; affd., 248 N. Y. 556.) In the case just cited the lack of stamps on an instrument of transfer was urged as a reason for excluding the instrument. That objection was overruled — a ruling confirmed on appeal. This is quite in accord with the dictum of the Appellate Division in this department in *Matter of Mills* (172 App. Div. 530; affd., 219 N. Y. 642). There the court said (p. 538): " Moreover, there is no provision of the Transfer Tax Law which prevents passing of title to stock bearing no stock transfer tax stamps."

In the proceeding at bar the only question before the appraiser was whether or not title to the stock had passed in the lifetime of deceased. The presence or absence of stamps was, therefore, altogether immaterial under the cases cited. The State Tax Commission cites authorities which it argues support the exclusion of the evidence. If these be in conflict with the cases here cited, the conflict must be resolved by the appellate courts. The rule in *Matter of Borst* (*supra*) requires the reception of the tendered evi-

dence because the true issue is whether or not deceased at the time of death owned the shares. Since the question is one of ownership and not of an attempt to enforce the ownership by the transferee, the evidence is held to be receivable.

On the record as it stands there has been no valid determination by the appraiser respecting the property owned by deceased at the time of her death. Accordingly the appeal is sustained and the proceeding remitted to the appraiser with direction to receive the tendered evidence and to make such report on the whole evidence as the appraiser deems appropriate.

Submit, on notice, order accordingly.