MIRIAM BASS ROSENFIELD, sometimes known as Miriam G. Rosenfield,

*vs.*

STANDARD ELECTRIC EQUIPMENT CORPORATION, a corporation of the State of Delaware, EDWARD M. ROSENFIELD, HARRY G. ROSENFIELD and MANASSAH KAPLAN.

*New Castle, October 18, 1951.*

*Aaron Finger,* of Richards, Layton & Finger, Wilmington, and *John F. Reddy, Jr.,* and *Philip D. Straffin,* of Engel, Judge, Miller & Sterling, New York City, for plaintiff.

*John VanBrunt, Jr.,* of Killoran & VanBrunt, Wilmington, and *Mitchell Salem Fisher* and *Mendel Zucker,* New York City, for defendants.

SEITZ, Chancellor: Plaintiff brought this action under Sec. 31 of the *General Corporation Law of Delaware, Rev. Code* 1935, § 2063, to review an annual stockholders' election of directors. The defendants have moved to dismiss the petition (hereafter called the "complaint"), for summary judgment, or in the alternative to stay the action, or in the further alternative to strike certain prayers of the complaint.

The amended complaint seeks to have this court declare invalid the stockholders' meeting held in April 1951. The plaintiff alleges that there are 40,040 shares of common stock outstanding; that such stock alone has voting rights; that plaintiff is and at all times pertinent to the times involved in this action has been the owner and holder of 25,000 shares of the common stock. The individual defendant, Edward M. Rosenfield, on many occasions and since long prior to the April 1950 meeting has denied and still denies that plaintiff is the owner of any stock whatsoever; that the defendant Edward M. Rosenfield claimed and still claims that plaintiff acquired the various shares of common stock through fraud and deceit; that the individual defendants have falsely and fraudulently failed and refused to enter the plaintiff's name on the stock ledger or have altered the stock ledger so as to fail to reflect the registra-

tion of plaintiff; that the individual defendants, or one or more of them, prior to the April 1950 meeting, falsely and fraudulently caused other certificates to be wrongfully issued to themselves or others on their behalf, which certificates purport to represent the ownership by such persons of the 25,000 shares lawfully owned by plaintiff; and that they have falsely registered such names on the stock ledger. Plaintiff prays for a determination of the validity of the 1951 meeting and for the holding of a stockholders' meeting; for a determination as to the right, power and extent of plaintiff's right to vote at a meeting of the corporate defendant's stockholders; for a determination and order that all the shares of stock held by plaintiff should be registered in her name upon the stock ledger; that all illegally issued stock be cancelled and the defendant corporation's records be made to reflect such action; that the persons holding such wrongfully issued certificates be required to deliver them to the defendant corporation for cancellation.

Defendants have moved to dismiss the complaint or for summary judgment thereon for the following reasons:

(1) The complaint presents a cause of action between a husband and wife with the issue being the ownership of stock in a Delaware corporation. The Court of Chancery has no jurisdiction of such a cause under *Section* 31.

(2) By reason of *Section* 278 of the *New York State Tax Law, McK. Consol. Laws, c.* 60, plaintiff is prohibited from maintaining any action touching upon or concerning the ownership or transfer of the ownership of stock of a Delaware corporation; the transfer tax not having been paid.

(3) In a statutory action where personal service has not been obtained this court has no power to adjudicate a dispute as to the ownership by the alleged stockholder of a Delaware corporation and a non-resident of Delaware.

(4) Because of a certain receivership decree of the New York court the plaintiff has no such title as will entitle her to maintain this action.

(5) In any event, the New York receiver is a necessary party to this action.

Defendant next moved the court to enter a stay for the following reasons:

(1) There is pending in the New York courts an action involving issues relating to said stock.

(2) A receiver of plaintiff's property has been appointed by the New York court and this action should be stayed until the receiver is discharged.

Defendant further moved in the alternative to strike prayers relating to plaintiff's request to have this court determine her ownership of the stock, to cancel any alleged certificates held by the individual defendants covering the same shares and the prayer governing service of process upon the corporation and individual defendants.

Because several of the undisputed facts necessary to pass on this matter are contained in affidavits, I shall decide this on the defendants' motion for summary judgment. I shall take up the grounds in the order listed.

Defendants say the Court of Chancery has no jurisdiction under *Section* 31 to determine a question of stock ownership between husband and wife. Defendants' argument misconceives the court's function in an action which is confined to the remedy provided by *Section* 31 of the *General Corporation Law of Delaware*. Although the complaint contains prayers which seek to do more than have this court review the stockholders' election, I do not believe that the action properly seeks more than such a review. I say this because process was neither prayed for nor issued which would permit this court to pass upon the ownership of the shares in dispute.

██ As stated, this is an action to review a stockholders' meeting to elect directors. In order to perform its statutory function it is necessary for the court to decide whether plaintiff was entitled to vote at such meeting. Where conflicting stock claims arise in connection with the review of an election under *Section* 31 this court has the power, even though the claimants be not parties, to decide who had the right to vote the stock in dispute. This does not of course constitute a binding determination of ownership as between the conflicting claimants unless they are parties who have been served with effective process. See *Standard Scale and Supply Corp. v. Chappel,* 16 *Del. Ch.* 331, 141 *A.* 191.

It follows that defendants' first ground has no pertinency because as I construe this complaint it seeks only a determination of plaintiff's right to vote at the election here reviewed.

██ Defendants next challenge the right to maintain the action on the ground that plaintiff acquired her stock without the New York transfer tax therefor having been paid. The effect of this under *Section* 278 of the *Tax Law,* say defendants, is to prevent the maintenance of any suit. Under the facts here presented this ground is without merit since it appears that, assuming plaintiff is a transferee, the New York courts have held that the only purpose of the section is to deprive the seller of his right to enforce the contract. It does not operate against the other party nor does it affect the passage of title. See *Matter of Borst,* 129 *Misc.* 424, 222 *N.Y.S.* 348.

Defendants' third ground is without merit. As stated this action properly construed is not an action to try the question of ownership.

Defendants next suggest that because a statutory receiver was appointed in New York ancillary to a judgment against plaintiff, she is not entitled to maintain this action.

■ Essentially the object of the New York proceeding which resulted in the appointment of a statutory receiver of the plaintiff's assets, was to take the judgment debtor's assets in order to secure the judgment creditor's claim. Certainly such a proceeding would not deprive plaintiff of her equity in her property. Such being the case and it also being true that an equitable holder is entitled to maintain an action under *Section* 31, I feel that this plaintiff has a sufficient interest to entitle her to maintain this type of action. This proceeding is in no way inconsistent with the assumption that "title" is in the receiver. In fact, in a sense, this proceeding helps to preserve the integrity of receiver's title in such stock. What the situation would be were the receiver to appear in this action in some manner is a question for another day.

Therefore, assuming without deciding that the New York receiver has "title" to these shares of stock, I conclude on the present showing that the plaintiff also has a sufficient interest to entitle her to maintain this type of action.

The defendants' motion for summary judgment must be denied.

■ Defendants move this court to enter a stay of this proceeding on the ground that there is pending in New York an action involving issues relating to the same stock. I have read the papers involved in the New York action and considered at length the statements of counsel. To say that the matter is in some confusion is to be kind. In the final analysis, I have serious doubt that the ultimate decision in New York will be dispositive of the issue here presented.

Defendants also seek a stay of this action until the New York receiver is discharged. In view of my prior ruling I see no merit to this request.

Defendants' motion for a stay will be denied.

■ Defendants further move to strike certain pray-

ers of the amended complaint. They specifically seek to have this court strike prayers C, D and E for the reason that the relief sought cannot be awarded under *Section* 31. Prayers C and D seek in substance a determination as to ownership between conflicting claimants and an appropriate cancellation of certificates. This relief cannot be awarded under *Section* 31 and since appropriate process looking toward such relief has not been prayed for or issued it follows that the motion to strike these prayers must be granted.

The motion to strike prayer E will not be granted because I construe it to be no more than the usual process in a *Section* 31 proceeding. Insofar as it relates to the individual defendants the prayer, whatever its effect, will not be binding except within the power granted this court under *Section* 31.

The motion to strike prayers C and D will be granted and motion to strike E will be denied.

Order on notice.