In the Matter of CLIFFORD T. UNBEKANT, Respondent, *v.* BOHL TOURS TRAVEL AGENCY, INC., et al., Appellants.

Third Department, June 9, 1964.

*Greenberg & Margolis (Daniel H. Greenberg* of counsel), for appellants.

*Maynard, O'Connor & Smith (J. Vincent Smith* of counsel), for respondent.

REYNOLDS, J. This is a motion brought by Clifford T. Unbekant as a stockholder of Bohl Tours Travel Agency, Inc., to have an election of said corporation which was held on the 22nd day of February, 1964, set aside and the offices of directors elected thereat declared vacated. It is conceded that respondent received no notice of this proposed meeting or election and was not present. Special Term found that respondent was owner of record of 50 shares of stock and as such was entitled to notice. In a summary proceeding under section 25 of the General Corporation Law record ownership was generally dispositive (*Matter of Faehndrich,* 2 N Y 2d 468, 474). Under section 25, however, the court was limited to either confirming the election or ordering a new one. It had no authority to " pass on all issues, including questions of stock ownership, as is possible in other jurisdictions. (See, e.g., Cal. Corp. Code Ann., § 2238: *Lawrence* v. *I. N. Parlier Estate Co.,* 15 Cal. 2d 220, 227; Del.

318

Code Ann., tit. 8, §§ 225, 227, subd. [a]: *Rosenfield* v. *Standard Elec. Equip. Corp.*, 32 Del. Ch. 238.)" (*Matter of Faehndrich, supra*, p. 475.) Such issues could only be decided in a plenary action. Since, however, the disputed election here involved took place after September 1, 1963, section 619 of the Business Corporation Law rather than section 25 of the General Corporation Law is controlling. Under section 619 the Supreme Court is not limited to confirmation or the ordering of a new election but may also " take such action as justice may require." We construe this language to have broadened the authority of the Supreme Court in a proceeding of this nature to allow it to decide or make arrangement for the decision of all necessary issues, including the question of stock ownership. (See comment following section 619 in McKinney's Cons. Laws of N. Y., Book 6, Business Corporation Law.) Thus while we concur with Special Term's vacatur of the election of February 22, 1964, and the appointment of a receiver, the new election ordered should not be held until Special Term has provided for the resolution of the disputed issues relevant to respondent's status as a shareholder. It may well be expedient here for the Special Term to effect a consolidation of the pending action concerning the status of respondent as a shareholder with this proceeding to the end that a more speedy disposition would result.

The order should be modified, on the law and the facts, so as to delete so much thereof as directs a specific date for a new election, and the case remanded to Special Term with directions to provide for the resolution of the disputed issue of respondent's status as a shareholder prior to a new election, and, as so modified, affirmed, with costs to abide the event.

GIBSON, P. J., HERLIHY, TAYLOR and AULISI, JJ., concur.

Order modified, on the law and the facts, so as to delete so much thereof as directs a specific date for a new election, and case remanded to Special Term with directions to provide for the resolution of the disputed issue of respondent's status as a shareholder prior to a new election, and, as so modified, affirmed, with costs to abide the event.