## THE PEOPLE *vs.* HADDEN.

Statutes in derogation of the common law rules of evidence should be so construed, if possible, as to preserve the principles deemed essential in the reception of testimony. *Per* BEARDSLEY, J.

Accordingly, *held* that depositions taken under the *New-York police act* (*Stat.* 1844, *p.* 476, § 11,) are not admissible generally, but only under certain circumstances— the words *de bene esse* used in the act importing some condition to be first complied with by the party offering them.

And where a deposition taken under that act was offered in evidence on a trial without other proof than that it had been regularly taken, *held* that it was inadmissible, and that the party offering it should have proved that the deponent was not then a resident of the city, or, if he was such resident, that his attendance could not be procured, after proper efforts made for that purpose.

It need not, however, be shewn preliminarily that the crime was committed in New-York upon a non-resident, but it is sufficient if these facts appear from the deposition itself. *Per* BEARDSLEY, J.

The declaration of the deponent as to his residence made at the time the deposition was taken, is not admissible.

The People *v.* Hadden.

Where a person is seen at a particular place, the presumption, in the absence of all other evidence, is that he resides there.

No affidavit is necessary to obtain an order for the examination of a witness under this act. Such order on the part of the prosecution may be made on the suggestion of the district attorney. *Per* BEARDSLEY, J.

CERTIORARI to the New-York general sessions. The defendant was indicted for grand larceny in stealing bank notes, the property of William McChestney. On the trial, in January, 1845, the district attorney offered in evidence the deposition of McChestney, taken *de bene esse*, on the 5th day of December preceding, under the eleventh section of the act *for the establishment and regulation of the police of the city of New-York.* (*Stat.* 1844, *p.* 476.) The defendant's counsel objected that the order for the examination was made on an insufficient affidavit, and also that it should be first proved that McC. was not a resident of the city and county of New-York, and that he was then absent from the city. The district attorney then called as a witness an assistant in his office, who testified that he attended upon the taking of the deposition ; that the person who made it was the same who made the complaint, and that he said he lived in New-Jersey and wished to return home, and that after the deposition was taken he left the recorder's office, saying that he was going home that afternoon, and that the witness supposed he did go home, and that he had not since seen him, and was not otherwise acquainted with him. The deposition was taken in the presence of the prisoner and his counsel pursuant to notice, and the recorder's order for the examination was made upon an affidavit of McChestney setting forth that he resided in New-Jersey. The defendant's counsel persisted in the objection and insisted that the evidence was insufficient, but the court being of a different opinion, permitted the deposition to be read, and the defendant was convicted. A bill of exceptions was taken.

*A. Nash,* for the defendant.

*J. McKeon,* for the people.

*By the Court*, BEARDSLEY, J. The first objection to the deposition of McChestney as evidence, was that the order for his examination was made upon an insufficient affidavit. The section of the statute under which this examination was had, is exceedingly imperfect in its details, and certainly leaves room for much doubt as to what was really intended by the legislature. But the entire provision, upon the most restricted construction of which it is susceptible, is in derogation of the common law rules of evidence, and should not, by mere construction upon equivocal words and phrases, be made to subvert principles which are deemed to be of vital importance for the security of life and liberty. If the terms used manifestly and necessarily call for such an interpretation, it is our duty to give effect to them in that sense; but if they do not absolutely demand it, I think we should give a more reasonable construction to the language of the legislature.

The statute is special not general in its provisions. It does not authorize the examination in all cases, but only under particular circumstances. (*Laws* 1844, *p.* 476, § 11.) 1. The offence must have been committed within the city and county of New-York. 2. It must have been committed on the person of a non-resident of said city and county, or by taking or receiving from him, money or property, and while he was in said city and county. 3. Under such circumstances the testimony "of all witnesses in the matter being in but not residing in said city and county," may be taken out of court, on application made for that purpose by the district attorney.

But this testimony is not to be used under all circumstances; on the contrary, according to the words of the enactment, it is to be taken "*de bene esse.*" These words plainly point to some condition : some particular state of things which, when they exist, will permit the use of said testimony; and they as plainly imply that without the existence of this particular state of things the evidence cannot be received. The difficulty in this part of the case is, to determine what conjuncture of circumstances will satisfy the statute and authorize testimony thus taken to be read in evidence.

The People *v.* Hadden.

Assuming that a proper case exists for taking the testimony of a witness, I think it may be taken under this enactment without any preliminary proof being furnished to the officer. On mere suggestion from the district attorney that the case is such as the statute contemplates, it seems to me an order for the examination may be regularly made. Due notice being given, and the examination properly conducted, the testimony will be taken regularly, although no preliminary proof had been made before the officer. This is my view of the statute, although it is unnecessary to decide the point in this case, for the affidavit on which the recorder proceeded to make the order for an examination of this witness, was undoubtedly sufficient for the purpose, even if the statute requires that proof should be made as a foundation for the order.

But the testimony, although taken in a proper case, and in a regular manner, is still not taken absolutely, but *de bene esse;* and cannot be used as a matter of course before the grand jury or on the trial of the accused. The public prosecutor offers evidence which the common law will not permit to be received, but which it denounces as wholly inadmissible. It is offered under the authority of a statute, the party by whom it is offered must therefore show, not only that the manner in which the testimony was taken was formally correct, but that such circumstances exist at the time when the testimony is offered to be used, as authorize its reception as evidence. The doubt is, what circumstances are required for this purpose by this statute.

In other acts of a similar description, special provisions may be found, declaring when, and under what circumstances, evidence thus taken may be used. Such probably is the case in all other enactments of this character. (2 *R. S.* 391, *art.* 1; *id.* 398, *art* 5; 1 *Laws U. S. by Story*, 64, *the Judiciary act o,* 1789, § 30; 1 *Greenl. Ev. 2d ed. p.* 390 *to* 394.) But the enactment now in hand is an exception to this rule: a rule of propriety and of almost absolute necessity, for without a legislative provision on the subject, how shall the court know under what circumstances the lawmakers intended this description of testi-

mony should be received? By the statute, the testimony is to be taken *de bene esse*, not absolutely. It is not to be received as of course, but on showing circumstances which authorize its reception. Suppose the witness to be present at the trial, no one, I presume, would attempt to maintain that his deposition could be read as evidence. The legislature certainly did not mean so absurd and so monstrous a perversion of justice and good sense as this would be. The party who seeks to use such evidence must show the circumstances which make it admissible : the burthen is on him, and until these circumstances are shown, the testimony must clearly be rejected.

I shall not undertake to point out what circumstances may make such evidence admissible in all cases. In dealing with such a piece of legislation as this section is, it seems to me quite enough to determine the particular case in judgment, without attempting any thing like a more extended interpretation of the enactment. And in analogy to all other statutes of this general character, and having a similar object in view, I think the public prosecutor is at the very least, bound, under this statute, to show that the witness could not be obtained on a subpœna issued to the city and county of New-York. It was at least incumbent on the district attorney to show that the witness was a non-resident of the city and county of New-York, or that after due efforts made his attendance could not be obtained, although he was a resident within such city and county. The fact of such non-residence is necessary to authorize an examination of the witness *de bene esse*, and unless he remains such non-resident down to the time when his testimony is to be used, or his attendance, for some other reason, cannot be obtained, I think the deposition should in no case be received. The words *de bene esse*, must at least imply so much, and in reason should not have a more restricted meaning. They may imply much more, but this is enough to dispose of the present case.

I agree that the public prosecutor need not prove, preliminarily, that the crime was committed in New-York and upon a non-resident of the city and county. These may be shown by the deposition itself. But that cannot be read until it is first

The People *v.* Hadden.

shown that it was taken on an order and notice, duly served as the statute requires, and also that the witness continues to be a non-resident of said city and county, or that it is impracticable to obtain his personal attendance. I do not see but what this testimony was taken correctly, in matter of form. So far the objections made to it were properly overruled. But no competent evidence was furnished to show that the witness lived in New-Jersey, or that he was a non-resident of the city and county of New-York. His own naked declaration on that subject proved nothing, and should not have been heard, to lay a foundation for the reception of this evidence. The right to cross-examine a witness before the jury, and to have him testify in their presence and hearing, is too obviously reasonable of itself, to allow it to be frittered away lightly. Had it appeared, as it did in *Guyon* v. *Lewis*, (7 *Wend.* 26,) that the witness was a journeyman mechanic, without a home and seeking employment, these facts, with his declaration that he was going to another state, might have been sufficient to establish his non-residence in this state, and on that ground let in his deposition taken *de bene esse*. But here the witness was a stranger to those who spoke of what he said. Indeed, there was nothing but his declaration made in the city of New-York to show that he resided elsewhere. It is to be presumed his residence was where he then was, and whoever asserts otherwise, is bound to prove it. As there was no competent evidence of the non-residence of the witness, or that his attendance could not have been secured by ordinary and reasonable diligence, the deposition should have been rejected.

New trial ordered.