WIGHTMAN, *plaintiff in error*, vs. THE PEOPLE,
*defendants in error*.

A prisoner under indictment can admit, as testimony to be considered by the
    jury, on the trial, depositions of non-resident witnesses, taken prior to the
    trial, or *de bene esse*, by his consent and in his presence.
Where the prisoner, both before and at the trial, consented that depositions so
    taken should be read in evidence on the trial; *held* that such consent was a
    waiver of more formal proof, and was binding upon the prisoner.

ERROR to the Court of General Sessions of the city
and county of New York, to review a judgment of
conviction for grand larceny.

*By the Court*, BRADY, J.    The plaintiff in error was
indicted for grand larceny, and convicted.    On the trial
the only exception taken was to the following question:
"State whether the prisoner, Wightman, said anything
to you as to being in company with David C. Hill at
Cortland street on the night in question?"    This inquiry
was in rebuttal, the plaintiff in error having sworn that
he was not at the ferry at the foot of Cortland street
where the crime was alleged to have been committed;
and it is conceded that if that be any evidence in the
case imputing crime to him the exception is valueless.
The evidence upon which the people mainly relied was
that of David C. Hill and Richard S. Wilson, both of
whom were examined prior to the trial, or *de bene esse*,
and whose depositions were taken before Roswell W.
Jerome, a notary public of this city.    The examination
of these witnesses was thus taken because they were
not residents of this state.    It was conducted in the
presence of the plaintiff in error, and a cross-examina-
tion of one made on his behalf.    It is insisted that these
depositions could not be received as evidence, although it
was agreed that they should be read at the trial, and not-
withstanding that at the trial they were read by consent
of the counsel of the plaintiff in error and, of course, in
the presence of the latter.    It is supposed that the ruling

Wightman *v.* The People.

in the case of *The People* v. *Cancemi* (18 *N. Y.*, 128) has some bearing upon this question, but it has not. The objection there was to the constitutional organization of the court by which the prisoner was tried, and it was determined that there being but eleven jurors there was a failure of jurisdiction, which could not be supplied by the consent of the prisoner. He could not confer it. In the case of *Maurer* v. *The People* (43 *N. Y.*, 1) it was held that instructions given to the jury by the presiding justice, in the absence of the prisoner, was error, although his counsel was present consenting ; but it was upon the ground that the statute declares that no person indicted for any felony can be tried unless he be personally present during such trial, and that "during such trial" embraced all the incidents of such a proceeding, including the charge of the justice to the jury and the instructions given them subsequently. The court had not the jurisdiction, therefore, which authorized the act complained of to be done. In the case of *Cancemi* it was said, however, that by consent objections to jurors might be waived ; the court might be substituted for triors to dispose of challenges to jurors ; secondary in place of primary evidence might be received ; admissions of facts allowed, and in similar particulars as well as in relation to mere formal proceedings generally, consent would render valid what without it would be erroneous. And it was further suggested that a plea of guilty, whatever the grade or degree of crime, would be received and acted upon if it is made clearly to appear that the nature and effect of it are understood by the prisoner. All these concessions involve the waiver of rights, but do not conflict with positive statutory enactments, or prohibitions of the constitution. If the prisoner can admit facts, or secondary in place of primary evidence, he can admit the deposition of a witness taken on his consent as testimony to be considered by the jury. The depositions

Wightman *v.* The People.

herein were, however, taken before a notary by consent, in the presence of the prisoner, and at the trial read by his consent. There is no prohibition of such a proceeding. The legislature has provided for the taking of the evidence, *de bene esse*, of witnesses who do not reside in this state, (*Laws* 1844, *p.* 476, § 11 ; *People* v. *Hadden*, 3 *Denio*, 220,) and the examinations under consideration were no doubt initiated under its provisions, but the formal compliance with its details dispensed with as a matter of convenience, for all parties. There is nothing, therefore, in principle against this mode of procedure, and no authority against its use has been produced. The *de bene esse* examination of witnesses is often very essential to the administration of criminal justice, and when done without compliance with the details of the statute, but by consent of the prisoner, it should not be disregarded. He may insist upon his rights, or waive them in this respect, if not before, certainly at the trial. On an indictment for perjury, it appeared that the attorneys on both sides had agreed that the formal proof should be dispensed with and part of the prosecutor's case admitted, but Lord Abinger said : "I cannot allow any admission to be made on the part of the defendant, unless it is made at the trial by the defendant or his counsel." (*R.* v. *Thornhill*, 8 *C. & P.*, 575.) In this case, as already shown, the consent was both before and at the trial, and doubtless in reference to the statute by which such a proceeding could have been taken. Whether, however, the statute was in contemplation or not, the consent was a waiver of more formal proof, and was binding upon the plaintiff in error.

For these reasons the judgment should be affirmed.

Judgment affirmed.

[FIRST DEPARTMENT, GENERAL TERM at New York, November, 1873. *Ingraham* and *Brady*, Justices.]