## AMBROSIUS v. AMBROSIUS.

(Supreme Court, Appellate Division, Second Department.    April 1, 1915.)

1. TAXATION ⊛➞59—TRANSFER TAX—GIFT OF SECURITIES—DUTY OF DONEE—
STATUTE.

Where a father gave stocks by declaration of trust to his minor child, no duty rested upon the infant to affix a transfer stamp to the declaration of trust, as required by Tax Law (Consol. Laws, c. 60) §§ 270, 271, regulating the amount and manner of paying such tax; such duty resting upon the father, under section 272, providing that any person who shall make any sale or transfer of stock without paying the tax imposed, etc., shall be deemed guilty of a misdemeanor and punished by fine or imprisonment or both.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 136–138; Dec. Dig. ⊛➞59.]

2. CORPORATIONS ⊛➞114—TRANSFERS OF STOCK—PAYMENT OF TRANSFER TAX—
TAX LAW.

While by direct provision of Tax Law, § 278, a transfer of stock, not having affixed thereto a transfer stamp, cannot be received in evidence, it is nevertheless valid and efficient as a conveyance.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 466, 470–478; Dec. Dig. ⊛➞114.]

3. INFANTS ⊛➞101—ACTIONS—DISCONTINUANCE OF EQUITY SUIT TO SUE IN
FEDERAL COURTS—POWER OF COURT.

Where plaintiff, an infant, sued her mother, as administratrix of her father's estate, to enforce declarations of trust as to certain stocks in her favor, defendant resisting, and urging that plaintiff had an adequate rem-

⊛➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

edy at law, and where the plaintiff thereafter asked leave to withdraw her suit, having sued on the grounds of diverse citizenship in the federal courts, the action of the trial court in granting leave to withdraw violated no rule of equity practice and was no abuse of discretion, since strong grounds must be shown to force an infant to carry on a litigation against her interests to continue, and since such infant's right to sue in the federal courts on the ground of diverse citizenship is one which a state court cannot abridge.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 249; Dec. Dig. ☞101.]

Appeal from Special Term, Kings County.

Action by Marie Marjorie Ambrosius against Iva H. Ambrosius, as administratrix. From an order denying her motion to vacate an order allowing discontinuance of the suit, defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

W. B. Symmes, Jr., of New York City, for appellant.

J. Frederick Eagle, of New York City (C. D. Francis, of New York City, on the brief), for respondent.

PER CURIAM. [1, 2] Had the duty to affix a transfer stamp to her father's declarations of trust been on the infant plaintiff, more weight could be given to defendant's argument that, despite her motion to discontinue, her suit should go on. But a gift of securities by a father to a child non sui juris imposed on her no such duty. This was not only from her incapacity, but because the duty was laid on the person making the sale, transfer, or agreement (Tax Law, § 272), who was the father and plaintiff's natural guardian. Should such a trust fail in equity because of the father's omission to stamp the papers he had made? The state law declares a rule excluding the receipt in evidence of such unstamped transfer, but does not annul it. Bean v. Flint, 204 N. Y. 153, 97 N. E. 490. Strong grounds must be shown to move the judicial discretion to force an infant to carry on a litigation which is clearly against her interests to continue.

[3] Where no testimony has been taken, no costly preparation for trial incurred, and no hearing has been had on the merits, we cannot say that the learned court below, in granting the infant leave to withdraw, violated any rule of equity practice, or abused its discretion. Defendant had sought no affirmative recovery. Instead of joining in the relief asked, she stood in an attitude of resistance, and urged that plaintiff had an adequate remedy at law. With an infant so confronted, a court of equity would forget its traditions of care and protection of its infant wards if it denied leave to discontinue. If the infant had the requisite citizenship, her suing in the federal courts is by virtue of a right conferred by Congress, which this court cannot stop, abridge, or impair.

The order refusing to vacate the ex parte order of discontinuance is therefore affirmed, with $10 costs and disbursements.