SAMUEL F. SMYTH, Appellant, *v.* PURE ICE COMPANY OF WILLIAMSBURG, Respondent, Impleaded with JOHN PALMER and Others, Defendants.

Second Department, October 22, 1920.

**Corporations — action to compel corporation to transfer stock upon its books — answer — failure of assignor of stock to pay stamp tax on executory agreement.**

In an action by a stockholder against a corporation to compel it to transfer shares upon its books, it is no defense to allege, in substance, that the plaintiff having entered into an executory contract to sell said stock to a third person has not paid the stamp tax imposed on such transfers by the State Tax Law and by the Federal Revenue Act of 1918. The defendant corporation can only insist that stamps shall be affixed and canceled at the time the transfer is accomplished, which cannot be done until the transfer is actually made. The statute is satisfied if the tax be paid when the transfer is accomplished.

An allegation of the answer that the tax imposed on such agreement to assign stock has not been paid " as required by said laws " merely states a conclusion of law.

APPEAL by plaintiff, Samuel F. Smyth, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 1st day of September, 1920, overruling a demurrer interposed by plaintiff to a separate defense pleaded in the answer of the defendant Pure Ice Company of Williamsburg.

*Otho S. Bowling* [*Robert H. Elder* with him on the brief], for the appellant.

*Roswell S. Nichols,* for the respondent.

KELLY, J.:

The complaint alleges that the defendant Pure Ice Company is a domestic stock corporation, that the by-laws provide that the secretary shall have charge of the books and seal, and that stock certificates shall be signed by the president and treasurer and sealed by the secretary. It is alleged that the plaintiff is the owner of 2,289 shares of the capital stock of defendant represented by certificates in his possession transferable upon the books of the corporation upon surrender of the

certificates properly indorsed. The plaintiff alleges that on April 30, 1920, he made an agreement with one Dodson whereby he " agreed to have said shares transferred on the books of defendant corporation to said Dodson, and to have a new certificate issued therefor in the name of said Dodson, and whereby said Dodson agreed to purchase said shares upon said terms and conditions."

The object of this action is not to compel Dodson to perform that agreement, but to compel the defendant corporation to transfer the shares upon its books. Plaintiff alleges that the stock certificates properly indorsed for transfer were presented to the corporation and request made for the transfer of the stock, but that defendant refused to make the transfer or to issue the new certificate to the transferee. The judgment demanded is that the corporation be directed to make the transfer and to issue the new certificate.

The separate defense which is the subject of demurrer is that the agreement between plaintiff and Dodson for the purchase of the shares, " if said agreement was ever made," was in effect a transfer of shares of stock; that under the Tax Law (§ 270, added by Laws of 1910, chap. 38, as amd. by Laws of 1913, chap. 779) a tax is imposed upon all agreements to sell stock, and that it shall be the duty of the person making the sale to procure, affix and cancel the stamps and pay the tax; that in case of an agreement to sell, there shall be made and delivered by the seller to the buyer a bill or memorandum of such sale to which the stamps shall be affixed and canceled. Defendant says the provisions of the Federal Revenue Act of 1918 (40 U. S. Stat. at Large, 1133, § 1100 *et seq.*) are practically identical with the State Tax Law, and pleads, in the separate defense here attacked, that the tax imposed by the State and Federal laws was not paid " as required by said laws," and defendant asserts that under the Tax Law of the State of New York (§ 278) no transfer of stock on which a tax is imposed and which tax is not paid at the time of transfer shall be made the basis of any action or legal proceedings, nor shall proof thereof be offered or received in evidence in any court in this State. Defendant insists that plaintiff, by demurring, admits that the tax was not paid " as required by said laws " and that under the law plaintiff

is guilty of a misdemeanor, and that the corporation would also be guilty of a misdemeanor if it transferred the certificates. (Tax Law, § 272, as amd. by Laws of 1912, chap. 292; Revenue Act of 1918 [40 U. S. Stat. at Large, 1133], § 1102.) Defendant says the stamps should have been affixed to and canceled on the agreement between plaintiff and Dodson, before the transfer could be made.

But it seems to me that the defendant corporation can only insist that stamps shall be affixed and canceled at the time the transfer is accomplished. There is no allegation that the transfer is accomplished. There is no allegation that the plaintiff has refused to affix or cancel the stamps required by law. Even though the agreement between plaintiff and Dodson, alleged in the complaint, was an agreement to sell stock under the Tax Law, section 270, it was not effective until the transfer was made and the new certificate issued. The statute is satisfied if the tax be paid when the transfer is accomplished. (*Phelps-Stokes Estates* v. *Nixon,* 222 N. Y. 93, 98, 102; *Waddle* v. *Cabana,* 220 id. 18, 27.)

The *Phelps Case (supra)* was an action between the vendor and purchaser of the stock to recover the purchase price. It was stipulated that no tax had been paid in pursuance of the Tax Law, sections 270–278. The Court of Appeals said that the agreement for the purchase and sale of the stock in that case was executory. It was not carried out in the sense that there was no actual delivery, no physical transfer of the stock from the plaintiff to the defendant. But, the court said, as between vendor and vendee the agreement was perfectly valid and if the agreement in itself vested title in the transferee within the meaning of the Tax Law, the conceded failure to pay the tax barred recovery. But Judge ANDREWS says: " Such is not the meaning of the act." He says that something more is contemplated than a theoretical change of title. There must be a physical act, delivery of a certificate and entry on the books of the corporation. Where the purchaser is entitled to the certificates the seller must deliver them with the proper stamps attached. " The contract is not unenforceable for failure to comply with the Tax Law (sections 270–278) relative to taxable transfers of stock. When the stock certificates are

actually transferred the seller must stamp them to make an effective delivery in fulfillment of his contract (*Bean* v. *Flint,* 204 N. Y. 153, 157), and the statute will then be fully satisfied." (*Waddle* v. *Cabana, supra.*)

If the defense pleaded by the corporation in the case at bar was that plaintiff presented the certificates for transfer without the necessary stamps affixed and canceled, it might be a good defense to the demand for transfer, but this is not the defense pleaded. The defendant corporation referring to the agreement between plaintiff and Dodson says a tax was imposed on that agreement and that it was not paid " as required by said laws." This is simply a conclusion of law. As appellant suggests, *non constat* the parties might have paid the tax, but the stamps might have been improperly affixed or canceled or defendant may have in mind some technical irregularity which it does not see fit to state.

The Court of Appeals in *Bean* v. *Flint* (*supra*) held that the provisions of the Tax Law are complied with if ·stamps are affixed to the stock certificates when actually transferred.

In the case at bar the contract between plaintiff and Dodson is not completed until plaintiff procures the transfer and delivers the new certificate to Dodson. There is no quarrel between plaintiff and Dodson. The corporation refuses to make the transfer, attempts to plead non-compliance with the Tax Law, as between plaintiff and Dodson. The obligation of the defendant to transfer did not rest on the contract between plaintiff and Dodson, but upon the surrender of the original certificates duly indorsed for transfer.

The Tax Law does not declare the agreement illegal or invalid because the tax was not paid, and it will not be held to invalidate what before its enactment was a valid and enforcible contract, unless no other meaning can be attributed to it. (*People ex rel. Mutual Trust Co.* v. *Miller,* 177 N. Y. 51, 57; *City of Rochester* v. *Fourteenth Ward Assn.,* 183 id. 23, 30.)

The learned judge at Special Term in effect holds that the corporation has a right to look at the antecedent contract between the parties, and that if the stamps were not affixed to that contract and canceled, it could refuse the transfer. I do not agree with this.

The order should be reversed, with ten dollars costs and disbursements, and plaintiff's motion granted and the demurrer to the separate defense sustained, with ten dollars costs, with leave to respondent within ten days to amend or withdraw the demurrer if so advised.

JENKS, P. J., MILLS, RICH and PUTNAM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and plaintiff's motion granted and the demurrer to the separate defense sustained, with ten dollars costs, with leave to respondent within ten days to amend or withdraw the demurrer if so advised.