MALVINA COOPER, Respondent, *v.* MORRIS E. GOSSETT, Appellant.

Supreme Court, Appellate Term, First Department, March 17, 1932.

*Morris E. Gossett*, appellant in person.

*A. Arthur Klar*, for the respondent.

PER CURIAM. The evidence established a violation by the plaintiff of article 12 of the Tax Law, as amended, and it follows that she was barred from maintaining an action based upon the transfer. The fact that the action was on the note given in consideration of the transfer does not give the plaintiff any greater rights than she would have possessed had the action been brought for part of the purchase price not evidenced by a note. *Matter of Wylly* (210 Fed. 954) is distinguishable since section 278 of our Tax Law (as amd. by Laws of 1922, chap. 354) applies only to an action or proceeding in the courts of this State and not to actions or proceedings in the Federal courts. The defendant was at liberty to show that the consideration for the note was the transfer of the stock since section 278 operates only against the transferrer of the stock upon whom the law imposes the duty of paying the tax and affixing the stamp, and not upon the transferee. (*Matter of Borst*, 129 Misc. 424; affd., 222 App. Div. 707; affd., 248 N. Y. 556; *Matter of Shelley*, 134 Misc. 265; *Hall* v. *Davis*, 95 id. 315.)

Judgment modified by striking out the money award to plaintiff and by dismissing the complaint on the merits, with costs, and as modified affirmed, with twenty-five dollars costs to appellant.

All concur; present, LYDON, FRANKENTHALER and UNTERMYER, JJ.