Malvina Cooper, Appellant, v. Morris E. Gossett, Respondent.*

First Department, February 17, 1933.

Samuel W. Dorfman of counsel [A. Arthur Klar, attorney], for the appellant.

Morris E. Gossett, respondent in person.

Sherman, J. The Appellate Term has modified a judgment of the Municipal Court in plaintiff's favor, by striking out the money award to plaintiff and by dismissing the complaint on the merits.

Plaintiff sued to recover the sum of $425 on a promissory note made by defendant. Admitting execution of the note, defendant set up as a separate defense that the note, which is a renewal of a note which had been given to plaintiff, was delivered in part pay-

*Affg. 143 Misc. 165.

ment for certain shares of stock sold to him by plaintiff (the total sales price being $2,000), but that at the time of the transfer and delivery of the stock certificate to him, plaintiff had not affixed the transfer tax stamps nor paid the tax as required by section 270 of the Tax Law, nor had plaintiff delivered to him at that time a bill or memorandum of sale to which tax stamps had been affixed.

Section 270 of the Tax Law of the State of New York provides, *inter alia*, as follows:

" § 270. Amount of tax. There is hereby imposed and shall immediately accrue and be collected a tax, as herein provided, on all sales, or agreements to sell, or memoranda of sales and all deliveries or transfers of shares or certificates of stock, or certificates of rights to stock. * * * It shall be the duty of the person or persons making or effectuating the sale or transfer to procure, affix and cancel the stamps and' pay the tax provided by this article."

It has been said that the tax which this section imposes upon all completed transfers of stock and other corporate certificates is " in the nature of an excise tax." ( *United States Radiator Corp.* v. *State of New York*, 208 N. Y. 144, 148.) This section was interpreted in *Travis* v. *American Cities Co.* (192 App. Div. 16, 23; affd., 233 N. Y. 510) as " designed to tax actual sales and transfers of stock." It contemplates the physical act of delivery of the certificate. If this were an executory contract, the statute would not apply. (*Phelps-Stokes Estates* v. *Nixon*, 222 N. Y. 93, 100.) The transaction involved in this suit was admittedly an executed sale, transfer and delivery of a stock certificate and, therefore, taxable under this statute. The note sued on had for its consideration the actual sale of corporate stock, and it was conceded at trial that no stamp was affixed upon the stock or upon any memorandum of the sale or transfer thereof. The explanation offered by plaintiff for her failure to affix the transfer tax stamps was that when the sale was consummated, her husband and agent offered to defendant, who is a lawyer and was secretary of the corporation, shares of which were being sold, the sum of ten cents, the precise amount of the tax due, and that defendant replied, " Never mind, I will put the stamp on myself." Plaintiff's version of this circumstance was accepted as true by the trial court, for it rendered judgment in her favor and, since her complaint has been dismissed, that fact must be deemed established.

Equitable considerations would ordinarily estop a defendant from taking advantage of his failure to keep his promise to affix the stamps whereby he misled the vendor to his own profit. But no

matter if his conduct be unconscionable, we may not be led into disregarding the force of that statute. Public policy requires that this tax statute be enforced, and overrides plaintiff's equities. The duty of procuring, affixing and canceling the requisite stamps rests upon the person making or effectuating the sale or transfer and may not be delegated or left to the future. It must be performed at or before delivery of the purchased certificate. The effect of non-compliance with section 270 upon a legal proceeding is set out in section 278 of the Tax Law, as follows:

" § 278. Effect of failure to pay tax. No transfer of certificates taxable under this article made after June first, nineteen hundred and five, on which a tax is imposed by this article, and which tax is not paid at the time of such transfer, shall be made the basis of any action or legal proceedings, nor shall proof thereof be offered or received in evidence in any court in this State."

Failure to pay this transfer tax is matter for affirmative defense (*Bean* v. *Flint*, 204 N. Y. 153, 164), and defendant having sufficiently pleaded it, is entitled to prevail. Even though there be no intent to violate the law, where the seller through ignorance of the law or mere inadvertence omits to pay the tax and comply with the statute, such failure precludes the right to a recovery in court, for proof of the transfer may not then be received in evidence under our statute. (*Sheridan* v. *Tucker*, 145 App. Div. 145.)

" The object of all these tax provisions is to get money for the State " (*Luitwieler* v. *Luitwieler P. E. Co.*, 231 N. Y. 494, 498), and for the better enforcement of the statute it is clearly commanded that the tax be paid and the stamps affixed and canceled at the time of the transfer. In this way only is the State adequately protected. The seller's duty was to pay the tax; not only to procure and affix the stamps, but to cancel them as well. Even if it be that plaintiff acted entirely in good faith in the transaction and was misled by defendant, nevertheless to sanction recovery would be to deny effect to the scheme and spirit of the taxing statute.

The determination of the Appellate Term so far as appealed from should be affirmed, with costs.

FINCH, P. J., MARTIN and TOWNLEY, JJ., concur; MERRELL, J., dissents and votes for reversal.

MERRELL, J. (dissenting). This action is brought by plaintiff to recover upon a promissory note made by the defendant. The complaint is in the usual form. A copy of the note is set forth, and the execution and delivery thereof by defendant to plaintiff for value is alleged, with the usual allegations of presentment and

demand of payment, and refusal of defendant to pay the same; that plaintiff is the owner of the note, and the amount due thereon. The complaint contains all the necessary allegations in an action on a promissory note. The answer of the defendant admits the making and delivery by defendant of the note in suit, " but denies that there was value paid for such making and delivery." As a separate defense the defendant alleges that the note in suit was delivered by defendant to plaintiff in part payment for five shares of the stock of a corporation known as H. I. Cooper Realty Corporation, and which shares were sold by plaintiff to defendant; that at the time of the delivery of said stock plaintiff neglected to affix the stamps and pay the tax provided for by section 270 of the Tax Law, and that, therefore, the note is void.

The facts leading up to the execution and delivery of the note in suit are as follows: The H. I. Cooper Realty Corporation is a domestic corporation. The defendant was and is its secretary. The defendant is and for over twenty-nine years has been a practicing attorney at law and had known plaintiff and her husband for many years. In August, 1931, the defendant agreed to purchase of plaintiff five shares of the stock of said corporation, which plaintiff then owned, and agreed to pay plaintiff therefor the sum of $2,000. The sale was consummated at the law office of the defendant, plaintiff being there represented by her husband as her agent, and also accompanied by her attorney. Plaintiff indorsed the certificate for the five shares of stock and the same was delivered to defendant, who thereupon paid plaintiff therefor $500 in cash and executed and delivered to plaintiff three promissory notes, each for $500, payable, respectively, on the 20th days of September, October and November, 1931. Prior to the maturity of the first of said notes the defendant paid plaintiff thereon the sum of $75. The said note maturing September 20, 1931, was then surrendered by plaintiff, the defendant then executing and delivering to plaintiff the note in suit for the balance of $425, which, by its terms, became due on September 20, 1931. The present action is brought upon defendant's default in paying said note.

I think there was no merit in either of the defenses alleged in the answer of the defendant, and that, upon the proven facts, the judgment of the Municipal Court should be sustained.

The defendant's denial that value was given for the note in suit, of itself, raised no issue. Consideration for the note was presumed. The note was negotiable. By section 50 of the Negotiable Instruments Law it is provided that " Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration." It was unnecessary, therefore, for plaintiff, as a part of her

*prima facie* case, to offer any proof concerning the transfer of said stock. Nevertheless, the justice presiding in Municipal Court erroneously held that because the defendant had denied that the note in suit was given for value — a fact concerning which plaintiff was not required to offer evidence — the burden to prove that the note was given for value fell upon plaintiff. Thereupon plaintiff gave evidence with relation to the transfer of the stock in question, the payment by defendant of $500 cash and the giving of the three promissory notes for $500 each for the balance of the purchase price, the payment of $75 on the first note before maturity, its surrender, and the giving of the note in suit for the balance unpaid thereon. Plaintiff's husband, who acted as her agent in the transaction, testified that at the time of the sale and transfer of said stock he offered to defendant the sum of ten cents, concededly the exact amount of the stamp tax due on such stock transfer, and that in reply defendant stated: " Never mind. I will put the stamp on myself. I am the Secretary of this Company." The defendant failed to keep his promise, and the necessary stamps were never affixed. The proof thus given by plaintiff relating to the transfer of said stock was relied upon by defendant to escape liability on his note. At the trial the defendant testified that he was secretary and treasurer of the H. I. Cooper Realty Corporation and in possession of the books and records of said corporation. Notwithstanding defendant's failure to affix the necessary transfer stamps upon the certificate transferred, the defendant paid to plaintiff upon such transfer $500 in cash, and, before the maturity of the first of the three promissory notes, paid $75 thereon, took up said first note, and gave the note in suit for the balance, all without the slightest suggestion or objection that the renewal note was invalid by reason of the omission to attach the ten-cent stamp upon the certificate transferred. To my mind defendant's defense to the validity of the note in suit was most unconscionable. The defendant is thus seeking to take advantage of his betrayal of plaintiff's confidence, and as the result of his failure to do as he promised to avoid payment of a just obligation, and because of his own failure to do as he promised to have the penalty imposed by the Tax Law inflicted upon plaintiff. I do not think the court should lend a willing ear to the perpetration of such a fraud as the defendant attempts.

Nor do I think the failure to attach the stamp to the certificate of transfer prevented a recovery by plaintiff on the promissory note in suit. The pertinent provisions of the Tax Law which the defendant seeks to invoke to relieve him from payment of the note in suit are as follows: Section 270 of the Tax Law provides as follows:

" § 270. Amount of tax. There is hereby imposed and shall immediately accrue and be collected a tax, as herein provided, on all sales, or agreements to sell, or memoranda of sales and all deliveries or transfers of shares or certificates of stock, or certificates of rights to stock, * * * on each hundred dollars of face value or fraction thereof, two cents, * * *. Where the transaction is effected by the delivery or transfer of a certificate, the stamp shall be placed upon the surrendered certificate and canceled; * * *."

Section 272 of the Tax Law makes failure to affix the stamp required by section 270 a misdemeanor and imposes a penalty for violation of the provisions of that section. Section 278 of the Tax Law provides as follows:

" § 278. Effect of failure to pay tax. No transfer of certificates taxable under this article made after June first, nineteen hundred and five, on which a tax is imposed by this article, and which tax is not paid at the time of such transfer *shall be made the basis of any action or legal proceedings, nor shall proof thereof be offered or received in evidence in any court in this State.*" (Italics are the writer's.)

I do not think the transfer of the certificate of stock involved in the case at bar is the basis for this action. Certainly the plaintiff was not required to offer in evidence the unstamped transfer of the stock certificate in question. This action was upon a promissory note given to secure the unpaid balance of a prior promissory note. Notwithstanding the failure to affix to the certificate transferred the stamp required by law, good and valid title to the stock passed from plaintiff to defendant. (*Bean* v. *Flint*, 204 N. Y. 154; *Ambrosius* v. *Ambrosius*, 167 App. Div. 244.) In *Bean* v. *Flint* (*supra*) Judge HISCOCK, writing for the Court of Appeals, said (at p. 157): " It certainly does not provide in terms that a person must pay this tax before he can make or enforce a contract for the transfer of stock. It does not create a new form of contract which involves prior payment of the tax as a necessary requisite to validity, for contracts in transfer of stock were made and recognized before the statute was passed. It does not inject such prepayment as an essential element into the execution of old contracts and declare invalid those not embracing it. It does not prescribe such prior payment as necessary to qualify one to make or enforce such a contract." And, again, referring to the Tax Law, Judge HISCOCK (at p. 161) further stated: " It does not say that the purported transfer shall be void and utterly ineffective, for clearly it is not. But it provides that this failure shall be a bar to an attempt to

enforce by legal proceedings any rights ' based on such a transfer.' " In the case of *Ambrosius* v. *Ambrosius* (*supra*) it was held that a transfer of stock was valid and effective as a conveyance, despite the failure to pay the stock transfer tax, the court stating: " The State law declares a rule excluding the receipt in evidence of such unstamped transfer, but it is not clear that the statute annuls it." Unquestionably, by the enactment of section 278 of the Tax Law, the Legislature was seeking revenue for the State. (*Bean* v. *Flint, supra; Luitwieler* v. *Luitwieler P. E. Co.*, 231 N. Y. 498.) In the case last cited the Court of Appeals stated: " The object of all these tax provisions is to get money for the State." The penalty provided by section 278 of the Tax Law for failure to pay the transfer tax, is to prohibit any action or legal proceeding based upon the transfer and to bar proof thereof in evidence in any court in this State. However, this action is based upon a promissory note, negotiable in character, which is a complete instrument in itself. It was unnecessary for plaintiff, in order to recover upon her note, to offer any proof relative to the transfer of the stock. Undoubtedly the promissory note in suit had its origin in the transfer which could not be made the basis of an action. Nevertheless, this action is upon the promissory note, and not upon the transfer. It was clearly the intention of the Legislature, in enacting section 278 of the Tax Law, to bar a recovery only in a case where the plaintiff was required to establish the transfer and to offer proof thereof in evidence. This the plaintiff in the present case should not have been required to do. All that the plaintiff was required to do was to prove the execution and delivery of the note in suit and the amount unpaid thereon. It seems to me that the case of *Matter of Wylly* (210 Fed. 954) is directly in point and decisive of the question here presented. In its opinion in that case the Federal District Court stated: " The bankrupt made no payment for his stock other than that represented by the promissory notes above referred to. This transfer of stock obtained with said notes was not then stamped with the revenue stamps required by statute, and the bankrupt alleges that the transaction was, therefore, void.

" But as has been held in *Bean* v. *Flint*, 204 N. Y. 153, 97 N. E. 490, the sale was not void. The New York statute (section 278 of the Tax Law) forbids legal proceedings in the State courts based on the transfer of stock for which the notes were given and forbids receipt of proof thereof in evidence, but the notes showing the debt are not thereby invalidated and can be proved in bankruptcy."

I am, further, of the opinion that the defendant is estopped from invoking section 278 of the Tax Law as a defense to plaintiff's cause of action upon the note in suit. The defendant, having violated his

promise to attach the required stamps, I think it does not lie in his mouth to assert that the note in suit is, by reason of his failure to keep his promise, invalid. The defendant is an attorney of long standing. He was the secretary of the company whose stock he purchased from plaintiff. The defendant was an old acquaintance of plaintiff and her husband. When plaintiff's husband offered to pay the tax required he was prevented from doing so by the statement of the defendant: "Never mind. I will put the stamp on myself. I am the Secretary of this Company." Unquestionably, by this promise the defendant constituted himself as plaintiff's agent to pay the tax and affix the necessary stamps. When the plaintiff brings suit to recover upon the defendant's promissory note, he attempts to take advantage of his own failure to affix the transfer stamps and to have the penalty imposed by the Tax Law inflicted upon plaintiff. To permit the defendant to prevail in such defense would, under the circumstances, I believe, be a grave miscarriage of justice. Under the doctrine of estoppel, the defendant should not be permitted to urge a violation of section 278 of the Tax Law as a defense, in view of his own promise to pay the tax, amounting to the nominal sum of ten cents. While estoppel is not pleaded by plaintiff, it is an issue in the case. In *Shear* v. *Healy* (208 App. Div. 269) the court stated: "'If plaintiff needs the aid of an estoppel, not to establish his cause of action, but only to avoid new matter set up by defendant as constituting a defense, he may prove the facts which raise the estoppel, although he has not pleaded them.' I think the principle of estoppel is particularly applicable to the case at bar. The plaintiff relied upon the defendant's promise to pay the ten cents tax and to affix the necessary stamp. The defendant failed to keep his promise and now urges that plaintiff's failure to pay this tax relieves him from the obligation to pay the note. I think the defendant is clearly estopped from raising the defense that the plaintiff failed to attach the necessary stamp to the certificate of transfer. In *Rothschild* v. *Title Guarantee & Trust Co.* (204 N. Y. 458) the Court of Appeals (at p. 464) said, with reference to the doctrine of estoppel: "It prohibits a person, upon principles of honesty and fair and open dealing, from asserting rights, the enforcement of which would, through his omissions or commissions, work fraud and injustice."

In *New York Rubber Co.* v. *Rothery* (107 N. Y. 310) the Court of Appeals stated: "To constitute it, the person sought to be estopped must do some act or make some admission with an intention of influencing the conduct of another, or that he had reason to believe would influence his conduct, and which act or admission is

inconsistent with the claim he proposes now to make. The other party, too, must have acted upon the strength of such admission or conduct."

I am, therefore, of the opinion that the Appellate Term erred in striking out the money damages awarded plaintiff by the Municipal Court, and in dismissing the plaintiff's complaint upon the merits.

The determination of the Appellate Term, in so far as appealed from, should be reversed, and the money judgment in favor of plaintiff awarded by the Municipal Court should be affirmed, with costs to the appellant in this court and in the Appellate Term.

Determination so far as appealed from affirmed, with costs and disbursements.