THOMAS C. WYLIE, Plaintiff, v. LUCY M. C. ADDOMS and Others, as Executors, etc., of HENRY C. COPELAND, Deceased, Defendants.

Exceptions overruled, motion for a new trial denied, with costs, and judgment dismissing the complaint directed to be entered, with costs. No opinion.

Present — Martin, P. J., Merrell, McAvoy, Glennon and Untermyer, JJ.; Merrell and McAvoy, JJ., dissent and vote to sustain the exceptions and grant a new trial.

MERRELL, J. (dissenting). Plaintiff brought this action on a negotiable promissory note, bearing date December 14, 1932, for $15,000 and interest, payable one

year after date. The note in suit was made by Henry C. Copeland, now deceased. The defendants are the personal representatives of the maker of said note. The note was given in payment for 3,000 shares of the common capital stock of Sodamat Corporation, which shares were sold by plaintiff to the said Henry C. Copeland. The certificate representing these shares was delivered by plaintiff's representative to the said Henry C. Copeland, who thereupon delivered to plaintiff's representative the note in suit. At the trial the plaintiff proved the execution and delivery of the note in suit, and rested. Thereupon the defendants introduced proof. The defendants called plaintiff as a witness, who testified, upon direct examination, in substance, that, at the time of the delivery of the stock certificate to the said Henry C. Copeland, no transfer tax stamps were affixed thereto, and that the plaintiff paid no transfer tax, nor bought any transfer tax stamps which were affixed to any memorandum of sale. In the original answer of defendants, beyond denials, the defendants set up three separate alleged defenses to plaintiff's cause of action. In the first of these defenses the defendants pleaded that the note in suit was given by the decedent without consideration. As a second defense the defendants alleged, upon information and belief, that the note in suit was procured by the plaintiff from the decedent Copeland by fraud, false representations and suppression of facts. As a third separate defense the defendants alleged that, at the time of the making, execution and delivery of the note in suit, the plaintiff was a broker and dealer in securities, and that decedent was a client and customer of plaintiff, and that, by virtue of said relationship, the decedent reposed trust and confidence in the plaintiff and relied upon his judgment and advice and was induced to refrain from making proper inquiry; that it was the duty of the plaintiff, by reason of such relationship, to disclose the facts to the decedent, but that the plaintiff fraudulently concealed them.

Upon its appearing at the trial that, at the time of the transfer of the stock certificate to the decedent, no transfer stamps were affixed thereto, the defendants, over plaintiff's objection and exception, were permitted by the trial justice to add to their answer as a defense plaintiff's failure to pay for the transfer stamps and his failure to affix said stamps evidencing such payment to the certificate, as required by the provisions of article 12 of the Tax Law. Thereupon the defendants moved for a dismissal of the complaint because of such non-compliance. The court, at first, reserved decision on said motion. However, at the close of the evidence, the case was submitted to the jury, with a request that the jury render a special verdict and a general verdict. The jury agreed on its answer to the special verdict, but was unable to agree on a general verdict, and was thereupon discharged by the court from further consideration of the case. Thereupon the trial justice adverted to the motion made by defendants to dismiss the complaint by reason of the fact that the plaintiff had not complied with the provisions of the Tax Law, and, on the authority of *Sheridan* v. *Tucker* (145 App. Div. 145) and *Bean* v. *Flint* (204 N. Y. 153), granted the motion of the defendants to dismiss the complaint, and the same was dismissed accordingly. In thus dismissing the complaint the court adverted to the case of *Cooper* v. *Gossett* (143 Misc. 165; affd., by this court, 237 App. Div. 700; reversed by the Court of Appeals, 263 N. Y. 491). The court also stated that it had not overlooked *Matter of Wylly* (210 Fed. 954), but was of the opinion that the case was inapplicable to the situation before the court, this case being an action in the courts of the State of New York. The trial court

below further stated: " While the Court of Appeals in *Cooper* v. *Gossett* left the question open, and while we may find much cogency in the dissenting opinion of Mr. Justice Merrell in the Appellate Division, a decent respect for the opinion of a majority of the Justices of the Appellate Division whose decisions are controlling upon me, necessarily requires that I shall heed the judgment expressed by the majority of the Court in the Appellate Division; and renders unnecessary and probably inappropriate any expression of original judgment on the part of this Court. Complaint dismissed. Exception to the plaintiff." Thereupon the trial justice below, " In view of the fact that there is a very serious question of law, and that it is the only question now presented by the record for the appellate court," ordered the plaintiff's exceptions to be heard in the first instance in the Appellate Division, pursuant to section 550 of the Civil Practice Act and rule 220 of the Rules of Civil Practice. Thereupon an order to that effect was made, said order further directing that judgment dismissing the complaint be suspended in the meantime.

The only question presented by this appeal is whether the plaintiff, by reason of non-compliance with the requirement of sections 270 and 270-a of the Tax Law, requiring the transferor of stock certificates to procure and affix the stamps evidencing such payment to the certificate or a memorandum evidencing the sale thereof, is precluded from maintaining the present action. Section 278 of the Tax Law provides as follows: " *No transfer of certificates* taxable under this article made after June first, nineteen hundred and five, on which a tax is imposed by this article, and which tax is not paid at the time of such transfer *shall be made the basis of any action or legal proceedings, nor shall proof thereof be offered or received in evidence in any court in this state.*" (Italics are the writer's.) The question presented here is whether section 278 of the Tax Law, above quoted, bars a recovery in an action on a negotiable promissory note given in payment for shares of capital stock where the transferor, at the time of the transfer of the certificate representing the same, failed to comply with the provisions of article 12 of the Tax Law. In my opinion, neither the case of *Sheridan* v. *Tucker* (145 App. Div. 145) nor *Bean* v. *Flint* (204 N. Y. 153) is an authority supporting the action of the trial court in dismissing the complaint. In each of the cases relied upon by the trial justice the action was not upon a negotiable promissory note, but was to recover the purchase price of shares of capital stock of a corporation sold and transferred by the plaintiff to the defendant. Plaintiff's action here is upon a negotiable promissory note In order to establish his cause of action it was unnecessary for him to prove the transfer of the shares of stock for which the note was given. Presumptively, the negotiable promissory note, upon which the action was brought, was given for a good and sufficient consideration. There are but two reported cases which seem to throw any light upon the precise question here involved. The first of these is the case of *Cooper* v. *Gossett* (237 App. Div. 700) which passed through this court in February, 1933. The facts in that case are almost precisely similar to those involved in the present action. In that case the plaintiff sued to recover upon a promissory note made by the defendant. The defendant admitted the making and delivery by the defendant of the note in suit. As a separate defense the defendant alleged that the note in suit was delivered by the defendant to the plaintiff in part payment for five shares of the stock of a corporation known as H. I. Cooper Realty Corporation, which shares were sold by plaintiff to defendant, and that, at the time of the delivery

of said stock, the plaintiff neglected to affix the stamps and pay the tax provided for by section 270 of the Tax Law, and that, therefore, the note was void. The decision of the Appellate Term upheld such contention of the defendant. On appeal to this court, by a divided court, the determination of the Appellate Term was affirmed. The proofs in the case disclosed that, at the time of the transfer of the shares of stock by the plaintiff to the defendant, plaintiff's husband, who represented her in the transaction, offered to pay the tax required, but the defendant dissuaded him from paying said tax, stating that he was secretary of the company, and that he himself would affix the necessary stamp. In *Cooper* v. *Gossett* the plaintiff contended, first, that, the action being upon a promissory note, the mere fact that the stock certificate was not stamped was no defense to the action brought by plaintiff upon a negotiable promissory note. The plaintiff further contended that the failure to affix the necessary stamps was caused by the fraudulent act of the defendant's husband, and that the defendant was estopped thereby from maintaining such defense. An appeal was permitted by this court to the Court of Appeals, and the latter court, in an opinion by Crouch, J., unanimously reversed this court upon the ground that the unconscionable conduct on the part of the defendant precluded the defendant from relying, as a defense, upon the failure of the plaintiff to affix the necessary transfer stamps. The Court of Appeals left undecided the question now before this court as to whether or not the failure of the plaintiff to affix the necessary stamps, as required by section 278 of the Tax Law. precluded any recovery in that action. In that respect the Court of Appeals wrote: " Since the defendant is precluded by his own acts from setting up the defense in question, *it becomes unnecessary to determine whether the action here is or is not based upon the transfer*. (Cf. *Matter of Wylly*, 210 Fed. Rep. 954.) " (Italics are the writer's.) *Matter of Wylly* (*supra*) was relied upon in the dissenting opinion in *Cooper* v. *Gossett* in this court. No reference to that case was made in the prevailing opinion in this court. It seems to me rather significant that the Court of Appeals should have referred to *Matter of Wylly* (*supra*), which the dissenting opinion in this court regarded as decisive of the question presented unless the Court of Appeals regarded that case as an authority in support of the plaintiff's contention.

The contention of the appellant seems to be that, by reason of the plaintiff's failure to affix the necessary stamps, as required by section 278 of the Tax Law, there was no consideration whatever for the making of the note in suit. The denial contained in the defendants' answer, that no value was given for the note in suit, presents no issue. Consideration for the note, under the provisions of section 50 of the Negotiable Instruments Law, was presumed. The note was negotiable. Section 50 of the Negotiable Instruments Law provides that " Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration." Therefore, in order to make a *prima facie* case, all that the plaintiff was required to do was to present the note and prove its execution, delivery, non-payment and the amount due thereon. It was no part of the plaintiff's case to offer proof concerning the transfer of the shares of stock. The failure to attach the transfer stamps to the certificate of transfer did not prevent the plaintiff recovering on the note in suit. What is the basis of the present action? The basis of the action is, certainly, not the transfer of the stock, but the promissory note upon which the plaintiff sues. The plaintiff was not required to offer in evidence the unstamped transfer of the stock certificate in question. The action

was upon a promissory note given to secure the unpaid balance due from defendants to plaintiff for the purchase of said stock.   *Notwithstanding the failure of the plaintiff to affix to the certificate transferred the necessary stamps, as required by article 12 of the Tax Law, good and valid title to the stock passed from the plaintiff to the defendant.*   (*Bean* v. *Flint*, 204 N. Y. 153; *Ambrosius* v. *Ambrosius*, 167 App. Div. 244.) In *Bean* v. *Flint* (*supra*), Judge Hiscock, writing for the Court of Appeals as to the effect of section 278 of the Tax Law, said (at p. 157): " It certainly does not provide in terms that a person must pay this tax before he can make or enforce a contract for the transfer of stock.   It does not create a new form of contract which involves prior payment of the tax as a necessary requisite to validity, for contracts in transfer of stock were made and recognized before the statute was passed.   It does not inject such prepayment as an essential element into the execution of old contracts and declare invalid those not embracing it.   It does not prescribe such prior payment as necessary to qualify one to make or enforce such a contract." And (at p. 161) in the same case Judge Hiscock wrote: " It does not say that the purported transfer shall be void and utterly ineffective, for clearly it is not.   But it provides that this failure shall be a bar to an attempt to enforce by legal proceedings any rights ' based on such a transfer.' "   In the case of *Ambrosius* v. *Ambrosius* (*supra*) it was held that a transfer of stock was valid and effective as a conveyance, despite the failure to pay the stock transfer tax.   In that case the court stated: " The State law declares a rule excluding the receipt in evidence of such unstamped transfer, *but it is not clear that the statute annuls it.*"   (Italics are the writer's.)

There is no doubt that by enacting section 278 of the Tax Law the Legislature sought revenue for the State.   (*Bean* v. *Flint, supra; Luitwieler* v. *Luitwieler P. E. Co.*, 231 N. Y. 494, 498.)   In the latter case the Court of Appeals said: " The object of all these tax provisions is to get money for the State."

The only penalty provided by section 278 of the Tax Law for failure to pay the transfer tax is to prohibit any action or legal proceeding based upon the transfer, and to bar proof thereof in evidence in any court of this State.   The present action is based upon a promissory note, negotiable in character.   It was unnecessary for plaintiff, in order to recover upon his note, to offer any proof relative to the transfer of the stock.   Undoubtedly, the promissory note in suit had its origin in the transfer of stock which cannot be made the basis of an action.   Nevertheless, the present action ˙s upon the promissory note, and not upon the transfer.   The Legislature clearly intended, in enacting section 278 of the Tax Law, to bar recovery only in a case *where the plaintiff was required to establish the transfer and to offer proof thereof in evidence.*   This the plaintiff in the present case was not required to do.   All that the plaintiff was required to prove was the execution and delivery of the note in suit, and the amount unpaid thereon.

In *Matter of Wylly* (*supra*), decided by the United States District Court for the Eastern District of New York, Wylly had purchased certain shares of stock of a corporation and had executed and delivered to the vendor his negotiable promissory note in payment therefor.   The certificate of stock was deposited with the vendor as security.   No payment other than that represented by the note was made by Wylly to the vendor.   Wylly thereafter was adjudicated a bankrupt. When the vendor, the holder of the note, sought to prove his claim against the bankrupt estate, opposition to such proof was made upon the ground that the stock was not stamped with the revenue stamps, as required by the provisions of

the State Tax Law, in consequence of which the transaction was void, and that, therefore, the note did not represent a provable claim. The United States District Court for the Eastern District of New York refused to adopt such view (210 Fed. 954). At page 955 District Judge Chatfield wrote as follows: " The bankrupt made no payment for his stock other than that represented by the promissory notes above referred to. This transfer of stock obtained with said notes was not then stamped with the revenue stamps required by statute, and the bankrupt alleges that the transaction was therefore void. But as had been held in *Bean* v. *Flint*, 204 N. Y. 153, 97 N. E. 490, the sale was not void. The New York statute (section 278 of the Tax Law) forbids legal proceedings in the state courts based on the transfer of stock for which the notes were given, and forbids receipt of proof thereof in evidence, but the notes showing the debt are not thereby invalidated and can be proved in bankruptcy." *Matter of Wylly* was referred to in the opinion of the Appellate Term in *Cooper* v. *Gossett*, as follows: " *Matter of Wylly* (210 Fed. 954) is distinguishable since section 278 of our Tax Law (as amd. by Laws of 1922, chap. 354) applies only to an action or proceeding in the courts of this State and not to actions or proceedings in the Federal courts." While *Matter of Wylly* was not referred to in the prevailing opinion of this court in *Cooper* v. *Gossett,* the court below appears to have followed the suggestion contained in the opinion of the Appellate Term, that *Matter of Wylly* had no application to an action in the State courts of New York. I cannot agree with such suggestion, and regard *Matter of Wylly* as quite decisive of the question here presented. I think the specific reference by the Court of Appeals in *Cooper* v. *Gossett* to *Matter of Wylly* is not without significance, and that it indicates that the Court of Appeals did not regard the suggestion of the Appellate Term, to the effect that that case was distinguishable by reason of the fact that the present action was in the State courts of the State of New York, as sound and was an indication that the Court of Appeals thought the *Wylly* case determinative of the question raised in the case at bar. Certainly, had the Court of Appeals agreed with the Appellate Term, or with the views expressed in the prevailing opinion of this court, it is quite improbable that the Court of Appeals, in leaving the question open, would have made any reference to *Matter of Wylly*.

Under well-known canons of construction, it seems to me that section 278 of the Tax Law applies only to cases where the " basis " of the plaintiff's cause of action may not be established without proof on his part of the transfer of the certificates of stock in question. I do not think such section should be held to apply where the " basis " of the action is upon a negotiable promissory note. A statute such as section 278 of the Tax Law should be strictly construed as an innovation on the common-law rules of evidence. When *Bean* v. *Flint* (*supra*) was before this court (138 App. Div. 846), Mr. Justice Nathan L. Miller, writing for a unanimous court, construing section 278 of the Tax Law, said (at p. 848): " *In this case the statute in terms enacted a rule of evidence.* It does not make the payment of the tax a condition precedent to the right to make a transfer of shares of stock. Concurrently with a transfer, the tax is to be paid or *no proof thereof can be offered or received* in any court in this State." (Italics are the writer's.) The Court of Appeals, in affirming this court (204 N. Y. 153), by way of analogy adverted to the Statute of Frauds, quoting at page 162 from its decision in *Crane* v. *Powell* (139 N. Y. 379, 383), as follows: " It [Statute of Frauds] introduced a new rule of evidence

in certain cases without condemning as illegal any contract that was legal before." And in *Ambrosius* v. *Ambrosius* (*supra*) it was said: " The State law *declares a rule excluding the receipt in evidence of such unstamped transfer.*" (Italics are the writer's.) Unquestionably, at common law the plaintiff had the right to use his written agreement with the defendant as evidence in any court to support whatever claims he might be then asking under it. Section 278 of the Tax Law was an innovation on the common-law rule by imposing a restriction on such right, and provided a penalty to be suffered by the exclusion as evidence of the unstamped stock transfer certificates. The law is well settled that where a statute is enacted in derogation of the common-law rules of evidence, even though the same may be of a remedial nature, it is to be construed as effecting no greater change in the law than its precise language required. (*People* v. *Levin*, 119 App. Div. 233, 235; *People* v. *Hadden*, 3 Den. 220, 222; *McManus* v. *Gavin*, 77 N. Y. 36; *Barron* v. *People*, 1 id. 386, 391.) In *Saxe* v. *Peck* (139 App. Div. 419) it was said (at p. 420): " It is a well settled rule in this State that a party has a right to sue on any cause of action which he holds, and *any statutory exception to that right must be distinctly expressed.*" (Italics are the writer's.)

Furthermore, section 278 of the Tax Law is penal in its nature, and, under well-known authority, must be strictly construed. Where there exists any serious doubt as to the meaning or application of a statute of this nature, such doubt must be resolved in favor of the one who is made the subject of the penalty. (*McCarthy* v. *International Railway Co.*, 126 App. Div. 182.) As section 278 has been enacted as an integral part of the Tax Law, it must be strictly construed. The Court of Appeals, in *Bean* v. *Flint* (*supra*) held, concerning section 278 of the Tax Law: " The statute is purely a revenue measure." And in *Luitwieler* v. *Luitwieler P. E. Co.* (*supra*) the court again, referring to this statute, said: " The object of all these tax provisions is to get money for the state." In *City of Rochester* v. *Fourteenth Ward Association* (183 N. Y. 23) the Court of Appeals said (at p. 30): "A taxing statute is to be construed strictly as to the taxing power and liberally as to the owner, not only because the legislature in authorizing proceedings to divest a freeholder of his land is presumed to take unusual care to make its meaning plain, but because the citizen needs more protection than the state." A close reading of section 278 discloses that that statutory provision does not provide that in no event shall an action be maintained to recover the agreed purchase price of a stock sold and transferred where the taxing statute has not been obeyed, but it merely provides that " *No transfer of certificates* * * * shall be made the *basis* of any action or legal proceedings, nor shall *proof thereof* (*i. e.*, the transfer of the certificate) be offered or received in evidence in any court of this state." (Italics are the writer's.) I am of the opinion that the present action had not as its basis a " transfer of certificates." As a " basis " of the present action, the plaintiff was required to establish by competent evidence that the defendants' testator had, in fact, signed the note; that the same was delivered, and unpaid. If the plaintiff had failed to offer such proofs, the court would have been required to dismiss the complaint. Such dismissal would have been because of the failure of the plaintiff to establish the basis of his cause of action. Webster's New International Dictionary defines the word " basis " as " The foundation on which the thing rests." Certainly, the foundation upon which the plaintiff's cause of action rested was the promissory note of the defendants' testator. Plaintiff was not required to offer the evidence

barred by section 278 of the Tax Law, to wit, the "transfer of certificates," in order to establish the "foundation" or "basis" of his action. It was urged at the trial court by the defendants that as the note in suit had not been negotiated, but was still in the hands of the original payee, it was open to the defendants to show the consideration for the note, and that as the consideration was the transfer of the unstamped stock certificate, section 278 of the Tax Law was a complete bar to plaintiff's right of recovery. The prevailing opinion of this court in *Cooper* v. *Gossett* (*supra*) would indicate that a majority of this court entertained the same views. It seems to me that the Appellate Term and this court were wrong. In the first place, the provisions of the Tax Law here involved in no way relate to or affect the consideration supporting the contract. In *Phelps-Stokes Estates* v. *Nixon* (222 N. Y. 93) the Court of Appeals said (at p. 98): "As between the vendor and the vendee the agreement is perfectly valid. (*Bean* v. *Flint*, 204 N. Y. 153, 158; *Matter of Wylly*, 210 Fed. Rep. 954.)" In *Bean* v. *Flint* (*supra*) the Court of Appeals said (at p. 161): "*It* [*the Tax Law*] *does not say that the purported transfer shall be void and utterly ineffective, for clearly it is not.* But it provides that this failure shall be a bar to an attempt to enforce by legal proceedings any rights ' *based on such a transfer.*' * * *. The statute before us simply provides that a transfer on which a tax has not been properly paid shall not be made the basis of an action or of evidence." (Italics are the writer's.) And at page 164 in the same case the Court of Appeals further said: "The question is one merely of pleading or procedure, and it does not go to the substance of the plaintiff's claim." In *Smyth* v. *Pure Ice Co.* (193 App. Div. 479) the Appellate Division in considering the provisions of the Tax Law here involved, stated (at p. 482): ' The Tax Law does not declare the agreement illegal or invalid because the tax was not paid, and it will not be held to invalidate what before its enactment was a valid and enforcible contract, unless no other meaning can be attributed to it."

Furthermore, section 278 of the Tax Law forms no part of the substantive law of this State. It relates only to matters of procedure and evidence. All that the statute requires from a procedural standpoint is that a defendant, desiring to avail himself of the statute must plead it as an affirmative defense. As evidence the statute bars on the part of the plaintiff introduction of the transferred certificates. Certainly, the plaintiff, in the case at bar, was not required to rely upon such transferred certificates to establish a basis of his action. The statute in question was enacted solely to enable the State to obtain money. The statute was not for the purpose of enabling defendants to escape valid contractual obligations. (*Cooper* v. *Gossett*, 263 N. Y. 491.) I think, clearly, the plaintiff was entitled to recover against the defendants upon the promissory note in suit, and that the court erred in directing a dismissal of the complaint.

The exceptions should be sustained and a new trial granted, with costs to the plaintiff against the defendants.

McAvoy, J., concurs.